1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  LISA M. SIMONETTI (State Bar No. 165996)
   DEBORAH E. BARACK (State Bar No. 207493)
3  2029 Century Park East
   Los Angeles, CA  90067-3086
4  Telephone: 310-556-5800
   Facsimile: 310-556-5959
5  Email: *dbarack@stroock.com, lacalendar@stroock.com*

6  Attorneys for Defendant
     WASHINGTON MUTUAL BANK, formerly known as
7    WASHINGTON MUTUAL BANK, FA

8

              UNITED STATES DISTRICT COURT
9
            NORTHERN DISTRICT OF CALIFORNIA
10
                  SAN JOSE DIVISION
11

12  VERONICA LATREASE JORDAN and        )   Case No. CV-08-2142-RS
    KAREN L. JONES-BOYLE, individually, and )
13  on behalf of all others similarly situated, )   **NOTICE OF MOTION AND MOTION OF**
                                          )   **DEFENDANT WASHINGTON MUTUAL**
14                                        )   **BANK TO DISMISS FIRST AMENDED**
              Plaintiff,                  )   **COMPLAINT; MEMORANDUM OF**
15                                        )   **POINTS AND AUTHORITIES IN**
         vs.                              )   **SUPPORT THEREOF**
16                                        )
    WASHINGTON MUTUAL BANK, FA,           )   <u>Hearing</u>
17                                        )   Date:        September 17, 2008
              Defendant.                  )   Time:        9:30 a.m.
18                                        )   Ctrm.:       4
                                          )
19  ─────────────────────────────────────

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS COMPLAINT
                                                 Case No. CV-08-2142 RS

**TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on September 17, 2008 at 9:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 4 of the United States District Court for the Northern District of California, located at 280 South First Street, #2112, San Jose, California, defendant Washington Mutual Bank ("WMB") will, and hereby does, move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the claims alleged against WMB in the First Amended Complaint for Damages and Injunctive Relief filed on June 6, 2008 (the "Complaint") by plaintiff Veronica Latrease Jordan and Karen L. Jones-Boyle (together, "Plaintiffs"). This Motion is made on the grounds that Plaintiff fails to state a claim upon which relief can be granted, as follows:

1.      The First Cause of Action for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and its implementing regulation, 12 C.F.R. pt. 226 ("Regulation Z"), fails as a matter of law. Contrary to Plaintiffs' contentions in the Complaint, the disclosure statements provided by WMB properly set forth all of the information required, and they do so in the manner expressly set forth in the applicable regulations, including 12 C.F.R. §§ 226.17, 226.18 and 226.19, and the Official Staff Commentary to Regulation Z, 12 C.F.R. pt. 226, Supp. I.

2.      The Second Cause of Action for fraudulent omissions, the Third Cause of Action for violation of California's Unfair Competition Law, California Business & Professions Code section 17200 et seq., and the Fourth Cause of Action for breach of contract and breach of the implied covenant of good faith and fair dealing are barred by federal preemption. Pursuant to the Home Owners' Loan Act, 48 Stat. 129, as amended, 12 U.S.C. § 1461 et seq., and 12 C.F.R. § 560.2, the Office of Thrift Supervision has expressly occupied the entire field of regulating the lending activities of federal savings associations such as WMB.

3.      The Second Cause of Action fails to allege any conduct by WMB constituting fraud by omission.

4.      The Third Cause of Action fails to allege any unfair, unlawful or fraudulent business act or practice by WMB.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51069887

- 1 -

MOTION TO DISMISS COMPLAINT
Case No. CV-08-2142 RS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1       5.    The Fourth Cause of Action fails to allege the breach of any contractual term of

2   Plaintiffs' loan contracts or any violation of the covenant of good faith and fair dealing with respect

3   thereto.

4       This Motion is based upon the Notice of Motion and Motion, the accompanying

5   Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the

6   pleadings and records on file herein, such further papers as may be filed in connection with the

7   Motion and such further argument as may be presented in connection with the hearing on the

8   Motion.

9   Dated:  July 18, 2008        STROOCK & STROOCK & LAVAN LLP
10          JULIA B. STRICKLAND
        LISA M. SIMONETTI
11          DEBORAH E. BARACK

12          By:      /s/ Deborah E. Barack
13              Deborah E. Barack

14          Attorneys for Defendant
        WASHINGTON MUTUAL BANK, formerly
15          known as WASHINGTON MUTUAL
        BANK, FA

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................1

II. Allegations Of The Complaint ........................................................................................2

    A.    The Parties .................................................................................................................2

    B.    Plaintiffs' Loans ........................................................................................................2

           1.    Jordan's Loan And Disclosure Statement ...................................................3

           2.    Jones-Boyle's Loan And Disclosure Statement .........................................4

    C.    Plaintiffs' Claims ......................................................................................................4

III. ARGUMENT .................................................................................................................5

    A.    Plaintiffs Fail To State A Claim Under TILA And Regulation Z. ............................5

           1.    Plaintiffs Fail To State A Claim For Violation Of 12 C.F.R. § 226.17. ...................................................................................................6

           2.    The Disclosure Statements Correctly Disclose The Interest Rates And Payment Schedules On Plaintiffs' Loans Pursuant To 12 C.F.R. § 226.18(g) And (e).................................................................6

           3.    Regulation Z Does Not Require Disclosure Of Payment Amounts Sufficient To Pay Both Principal And Interest Each Month. .......................8

           4.    The Disclosure Statements Do Not List "Partial" Payments...................9

           5.    The Disclosure Statements Correctly Disclose The Effect Of The Payment Cap..............................................................................................9

    B.    Plaintiffs Fail To State A Claim For Violation Of 12 C.F.R. § 226.19....................10

    C.    Plaintiffs' State-Law Claims Are Barred By Federal Preemption. ..........................11

           1.    The OTS Has Occupied The Entire Field With Respect To Federal Savings Associations' Lending Activities. .......................................11

           2.    HOLA's Express Field Preemption Bars Plaintiffs' State-Law Claims......................................................................................................13

    D.    Plaintiffs' State-Law Claims Fail In Any Event.....................................................16

IV. CONCLUSION ...........................................................................................................19

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

# TABLE OF AUTHORITIES

## CASES

Page

American Bankers Ass'n v. Lockyer,
    239 F. Supp. 2d 1000 (E.D. Cal. 2002) ...................................................................11, 12

Bank of America v. City and County of San Francisco,
    309 F.3d 551 (9th Cir. 2002) ...........................................................................................11

Barnett Bank of Marion Cty., N.A. v. Nelson,
    517 U.S. 25, 116 S. Ct. 1103, 134 L. Ed. 2d 237 (1996) ................................................12

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955 (2007) .....................................................................................................16

California Grocers Ass'n v. Bank of Am.,
    22 Cal. App. 4th 205, 27 Cal. Rptr. 2d 396 (1994) ........................................................18

Carma Developers, Inc. v. Marathon Dev. California, Inc.,
    2 Cal. 4th 342, 6 Cal. Rptr. 2d 467 (1992) .....................................................................18

Cholla Ready Mix, Inc. v. Civish,
    382 F.3d 969 (9th Cir. 2004) .....................................................................................16, 17

Clegg v. Cult Awareness Network,
    18 F.3d 752 (9th Cir. 1994) ......................................................................................16, 17

Conference of Fed. Sav. & Loan Assn's v. Stein,
    604 F.2d 1256 (9th Cir. 1979) .........................................................................................12

Fidelity Fed. Sav. & Loan Ass'n v. De la Cuesta,
    458 U.S. 141, 102 S. Ct. 3014, 73 L. Ed. 2d 664 (1982) ................................................12

Ford Motor Credit Co. v. Milhollin,
    444 U.S. 555, 100 S. Ct. 790, 63 L. Ed. 2d 22 (1980) .....................................................5

Gambardella v. G. Fox & Co.,
    716 F.2d 104 (2d Cir. 1983) ..............................................................................................5

Goodman v. Kennedy,
    18 Cal. 3d 335, 556 P.2d 737, 134 Cal. Rptr. 375 (1976) ..............................................17

Greisz v. Household Bank,
    8 F. Supp. 2d 1031 (N.D. Ill. 1998)...............................................................................5, 6

Haehl v. Washington Mutual Bank, F.A.,
    277 F. Supp. 2d 933 (S.D. Ind. 2003)..............................................................................16

Heliotis v. Schuman,
    181 Cal. App. 3d 646, 226 Cal. Rptr. 509 (1986) ..........................................................17

Karam v. City of Burbank,
    352 F.3d 1188 (9th Cir. 2003) .........................................................................................16

1

**TABLE OF AUTHORITIES (Cont'd)**

2

3    Lopez v. World Savings & Loan Ass'n,
            105 Cal. App. 4th 729, 130 Cal. Rptr. 2d 42 (2003) ........................................... 16

4    Moskowitz v. Washington Mutual Bank, FA,
            329 Ill. App. 3d 144, 768 N.E.2d 262 (Ill. App. Ct. 2002) ............................... 16

5

6    Plotkin v. Sajahtera, Inc.,
            106 Cal.  App. 4th 953, 131 Cal. Rptr. 3d 303 (2003) ................................. 17, 18

7    Rice v. Santa Fe Elevator Corp.,
            331 U.S. 218, 67 S. Ct. 1146, 91 L. Ed. 1447 (1947) ...................................... 11

8
     Rose v. Chase Manhattan Bank U.S.A., N.A.,
9            396 F. Supp. 2d 1116 (C.D. Cal. 2005) ................................................... 14

10   Rosenberg v. Washington Mutual Bank, FA,
            849 A.2d 566, 369 N.J. Super. 456 (N.J. Sup. Ct. App. Div. 2004) ..................... 15, 16, 17
11
     Shvarts v. Budget Group, Inc.,
12           81 Cal. App. 4th 1153, 97 Cal. Rptr. 2d 722 (2000) ........................................ 18

13   Silvas v. E*Trade Mortgage Corp.,
            514 F.3d 1001 (9th Cir. 2008) ....................................................... 13, 14, 16
14
     Spreewell v. Golden State Warriors,
15           266 F.3d 979 (9th Cir. 2001) .......................................................... 17

16   United States v. Locke,
            529 U.S. 89, 120 S. Ct. 1135, 146 L. Ed. 2d 69 (2000) ..................................... 12
17
     Washington Mutual Bank, FA v. Super. Ct. (Guilford),
18           95 Cal. App. 4th 606, 115 Cal. Rptr. 2d 765 (2002) .................................... 11, 16

19   Watters v. Wachovia Bank, N.A.,
            127 S. Ct. 1559 (2007) ................................................................ 12
20
     Weiss v. Washington Mutual Bank,
21           147 Cal. App. 4th 72, 53 Cal. Rptr. 3d 782 (2007) ...................................... 14, 15

22

**STATUTES, RULES AND REGULATIONS**
23

     12 C.F.R. § 226.17 ....................................................................... 6, 7, 8, 9, 11
24   12 C.F.R. § 226.18 ..................................................................... 6, 8, 9, 10, 11
     12 C.F.R. § 226.19 ........................................................................ 6, 10, 11
25   12 C.F.R. § 226.22 ............................................................................ 8
     12 C.F.R. § 560.2 ........................................................................ passim
26
     12 U.S.C. § 1463 ........................................................................ 12, 15
27   12 U.S.C. § 1464 ........................................................................ 12, 15

28   Federal Rule of Civil Procedure Rule 12(b)(6) ........................................... 16

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1

**TABLE OF AUTHORITIES (Cont'd)**

2

**MISCELLANEOUS**

3

OTS, Final Rule,
    61 Fed. Reg. 50,951 (Sept. 30, 1996)...........................................................................13, 15

4

5

4 Bernard E. Witkin,
    Summary of California Law, §§ 459-64 (8th ed. 1974)....................................................17

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

S T R O O C K   &   S T R O O C K   &   L A V A N   LLP
2029 Century Park East
Los Angeles, California 90067-3086

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

By their First Amended Complaint for Damages and Injunctive Relief (the "Complaint"), plaintiffs Veronica Latrease Jordan ("Jordan") and Karen L. Jones-Boyle ("Jones-Boyle") (together, "Plaintiffs") purport to assert various claims against defendant Washington Mutual Bank ("WMB") challenging WMB's disclosure of the terms of Plaintiffs' option-adjustable-rate mortgage ("Option ARM") loans.  According to Plaintiffs, WMB violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and its implementing regulation, 12 C.F.R. pt. 226 ("Regulation Z"), because the federally mandated disclosure statements provided by WMB on Plaintiffs' Option ARMs supposedly failed to include the information required under Regulation Z. Plaintiffs further assert various state-law claims based on WMB's alleged non-compliance with the federal disclosure requirements and supposed failure to adequately explain, or to comply with, Plaintiffs' loan terms.  These claims are entirely without merit.

First, Plaintiffs' claims for violation of TILA and Regulation Z fail as a matter of law. Contrary to Plaintiffs' contentions in the Complaint, the disclosure statements provided by WMB properly disclose all of the information required, and they do so in the manner expressly set forth in the applicable regulations, including 12 C.F.R. §§ 226.17, 226.18 and 226.19, and the Official Staff Commentary to Regulation Z, 12 C.F.R. pt. 226, Supp. I (the "Commentary").

Second, Plaintiffs' state-law claims are entirely barred by federal preemption.  Pursuant to the Home Owners' Loan Act, 48 Stat. 129, as amended, 12 U.S.C. § 1461 et seq. ("HOLA"), and 12 C.F.R. § 560.2, the Office of Thrift Supervision ("OTS") has occupied the entire field with respect to the lending activities of federal savings associations such as WMB.  OTS regulations expressly preempt any state laws that purport to regulate or are used to regulate, among other things, "[t]he terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate," or "[d]isclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents." 12 C.F.R. § 560.2(b)(4), (9).  Plaintiffs' state-law claims are therefore barred.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

<u>Third</u>, even if not preempted -- which they plainly are -- Plaintiffs' state-law claims fail in any event.  Plaintiffs' allegations of fraud are fundamentally defective, there simply is nothing "unlawful, unfair or fraudulent" about WMB's loan disclosures, and WMB breached no contractual terms in applying Plaintiffs' loan payments.

Accordingly, the Court should dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) in its entirety and without leave to amend.

## II.    Allegations Of The Complaint

### A.    The Parties

WMB is a federally chartered savings association located in Henderson, Nevada.  (Request for Judicial Notice ("RJN"), Exs. A & B.)  Plaintiffs entered into Option ARM loan agreements with WMB secured by their primary residences.  (Dkt. No. 6, ¶¶ 2-3.)  Copies of Plaintiffs' Adjustable Rate Notes ("Notes") and Truth in Lending Disclosure Statements ("Disclosure Statements") are attached to the Complaint as Exhibits 1 and 2.  (<u>Id.</u>)

### B.    Plaintiffs' Loans

As stated in their Notes, Plaintiffs' loans are Option ARMs based on the 12-Month Treasury Average ("12-MTA") index.  (Dkt. No. 6-2, p. 3 & ¶ 4, Dkt. No. 6-3, p. 3 & ¶ 4.)[1]  Like all adjustable-rate loans, the interest rate on these loans adjusts based on the index plus a margin.  Unlike non-option ARM loans, however, Plaintiffs' Option ARMs offer additional flexibility in that the borrower is given the option of making reduced payments.  To provide this flexibility, the initial interest rate is discounted for the first month and annual adjustments to the minimum payment are limited to a 7.5% increase (or "cap").  Periodically (every five years, or if the principal amount exceeds a certain threshold), the minimum payment is adjusted without regard to the cap to set a new payment that would fully amortize the loan over the payment period.  This rate, in turn, is then subject to the 7.5% cap in following years.  Although the initial discount and payment cap allow for lower payments, this flexibility also allows negative amortization to occur.  Specifically,

---

[1]  The 12-MTA Index is the 12-month average of the monthly yields on actively traded United States Treasury Securities adjusted to a constant maturity of one year as published by the Federal Reserve Board in the Federal Reserve Statistical Release entitled "Selected Interest Rates (H.15)." Historical monthly yields published by the Federal Reserve are available at http://www.federalreserve.gov/releases/h15/data/Monthly/H15_TCMNOM_Y1.txt (last accessed July 18, 2008).  (<u>See</u> Exhibit C to the accompanying Request for Judicial Notice.)

1    for months in which a borrower's minimum monthly payment is not sufficient to pay the monthly

2    accrued interest, the difference is added to the loan principal, subject to the maximum principal

3    amount.

4          **1.    Jordan's Loan And Disclosure Statement**

5          As provided in her Note, Jordan's loan is in the original principal amount of $389,592 and

6    has an initial discount rate of 1.250%.  (Dkt. No. 6-2, ¶¶ 1, 2.)  Per diem interest on the Note is set

7    at 4.397%.  (Id. ¶ 2.)  The initial monthly payment on the Note, reflecting the initial discount rate of

8    1.250%, is $1,298.32.  (Id. ¶ 3(B).)  The interest rate on the Note changes monthly beginning on

9    June 1, 2005 based on the index plus a margin of 2.050% and is subject to a rate cap of 9.950%.

10   (Id. ¶¶ 4, 5.)  Payment changes are made annually beginning on June 1, 2006 and are subject to an

11   annual increase of 7.5%.  (Id. ¶ 4.)  The monthly payment adjusts regardless of the payment cap on

12   the fifth anniversary of the first monthly payment and on the same day every fifth year thereafter.

13   (Id. ¶ 4(I).)  Terms governing negative amortization are set forth in section 4(G) (entitled "Changes

14   in My Unpaid Principal Due to Negative Amortization or Accelerated Amortization").  The Note

15   provides for a maximum principal increase of 125% of the original principal balance (from

16   $389,592 to $486,990).  (Id. p. 3 & ¶ 4(H).)

17         Reflecting the terms of the Note and the index at consummation, Jordan's Disclosure

18   Statement discloses a monthly payment of $1,298.32 for the first year, $1,395.69 for the second

19   year, $1,500.37 for the third year, $1,612.90 for the fourth year and $1,733.87 for the fifth year,

20   with a monthly payment of $2,109.58 for the remaining 25 years.  (These reflect the 7.5% payment

21   cap during years two through five and the fully amortized payment beginning in year six, based on

22   the index at consummation and assuming no changes in the index.)  (Dkt. No. 6-2, p. 2.)[2]  The

23   Disclosure Statement also discloses an annual percentage rate ("APR") of 4.408%, which is a

24   composite APR that corresponds to the amount financed and payment schedule set forth in the

25   Disclosure Statement.  (Id.)

26

27   _____

28   [2] The calculations are based on an interest rate for one month at 1.250% and an indexed rate for
     359 months at 4.397%, based on the 12-MTA index at consummation of 2.347% plus the margin of
     2.050%.  (RJN, Ex. C.)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1

2.      **Jones-Boyle's Loan And Disclosure Statement**

2          Jones-Boyle's loan also is an Option ARM loan based on the 12-MTA index.  (Dkt. No. 6-

3    3, ¶ 4(B).)  The loan is in the principal amount of $1,000,000 and has an initial discount rate of

4    1.350%.  (Id. ¶¶ 1, 2.)  Per diem interest on the Note is set at 8.497%.  (Id. ¶ 2.)  The initial monthly

5    payment on the Note, reflecting the initial discount rate of 1.350%, is $3,379.69.  (Id. ¶ 3(B).)  The

6    interest rate on the Note changes monthly beginning on August 1, 2007 based on the index plus a

7    margin of 3.475% and is subject to a rate cap of 10.400%.  (Id. ¶¶ 4, 5.)  Payment changes are set to

8    be made annually beginning on August 1, 2008 and are subject to an annual increase of 7.5%.  (Id.

9    ¶ 4.)  The monthly payment adjusts regardless of the payment cap on the fifth anniversary of the

10   first monthly payment and on the same day every fifth year thereafter.  (Id. ¶ 4(I).)  Terms

11   governing negative amortization are set forth in section 4(G).  The Note provides for a maximum

12   principal increase of 115% of the original principal balance (from $1,000,000 to $1,150,000).  (Id.

13   p. 3 & ¶ 4(H).)

14         Reflecting the terms of the Note, Jones-Boyle's Disclosure Statement discloses a monthly

15   payment of $3,379.69 for the first year, $3,633.16 for the second year, $3,905.65 for the third year

16   and $4,198.57 for the first four months of the fourth year, followed by 319 monthly payment of

17   $9,086.04 and a final monthly payment of $9,080.47.  (These reflect the 7.5% payment cap during

18   years two through four and a fully amortized adjustment in year four based on the 115% cap on

19   principal, assuming no changes in the index at consummation.)[3]  The Disclosure Statement also

20   discloses an APR of 8.4676% corresponding to the amount financed and payment schedule set

21   forth in the Disclosure Statement.  (Id.)

22   **C.      Plaintiffs' Claims**

23         Plaintiffs purport to assert various claims challenging WMB's disclosure of the terms of

24   their loans.  Specifically, Plaintiffs allege that WMB:  (1) failed to disclose the interest rates upon

25   which their payment schedules were based (Dkt. No. 6, ¶¶ 72, 74, 77, 110); (2) improperly

26   disclosed initial monthly payments and payment schedules that were not based upon the interest

27

28   _____

[3] The calculations are based on an interest rate for one month at 1.350% and an indexed rate for 359 months at 8.497%, based on the 12-MTA index at consummation of 5.022% plus the margin of 3.475%.  (RJN, Ex. C.)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   rates listed in Plaintiffs' Notes and Disclosures (id. ¶¶ 78, 80, 92); (3) failed to disclose the various

2   monthly payment options available to Plaintiffs, including the payment amounts that would have

3   been sufficient to pay both principal and interest (id. ¶¶ 81, 99-104, 110); (4) improperly disclosed

4   "partial" payments in Plaintiffs' Disclosure Statements rather than the "full" payments that

5   Plaintiffs were legally obligated to pay (id. ¶ 97); (5) failed to disclose the "effect" of the payment

6   cap on Plaintiffs' loans (id. ¶ 108); (6) failed to disclose that negative amortization would occur if

7   Plaintiffs followed the payment schedule provided by WMB (id. ¶¶ 86, 110, 112, 114); and (7)

8   improperly failed to apply Plaintiffs' minimum monthly payments to both interest and principal (id.

9   ¶¶ 150, 152).

10          Based on these allegations, Plaintiffs purport to assert claims for:  (1) violation of TILA

11  (First Cause of Action); (2) fraudulent omission (Second Cause of Action); (3) violation of the

12  Unfair Competition Law, California Business and Professions Code section 17200, et seq. (the

13  "UCL") (Third Cause of Action); and (3) breach of contract and breach of the covenant of good

14  faith and fair dealing (Fourth Cause of Action).  Plaintiffs purport to bring their claims on their own

15  behalf and on behalf of California and nationwide classes of "[a]ll individuals who received an

16  Option Arm loan through [WMB] on their primary residence" located in California or nationwide,

17  respectively.  (Dkt. No. 6, ¶ 57.)

18                              **III.   ARGUMENT**

19  **A.      Plaintiffs Fail To State A Claim Under TILA And Regulation Z.**

20          Congress enacted TILA for the "purpose of promoting 'the informed use of credit' by

21  assuring 'meaningful disclosure of credit terms' to consumers."  Ford Motor Credit Co. v.

22  Milhollin, 444 U.S. 555, 559, 100 S. Ct. 790, 63 L. Ed. 2d 22 (1980) (quoting 15 U.S.C. § 1601.

23  However, "[m]eaningful disclosure does not mean more disclosure."  Id. at 568 (emphasis added).

24  "[T]he absence of an express disclosure requirement in the regulations is significant . . . evidence

25  that disclosure is not required."  Gambardella v. G. Fox & Co., 716 F.2d 104, 108-109 (2d Cir.

26  1983).  Moreover, "[c]onsumers should not misuse TILA 'as an instrument of harassment and

27  oppression against the lending industry.'"  Greisz v. Household Bank, 8 F. Supp. 2d 1031, 1048

28  (N.D. Ill. 1998) (citation omitted), as modified (Aug. 6, 1998), aff'd, 176 F.3d 1012 (7th Cir.

1999).  As discussed below, Plaintiffs' claims reflect a fundamental misapplication of Regulation Z's disclosure requirements under 12 C.F.R. §§ 226.17 and 226.19 and, accordingly, should be dismissed.

### 1.    Plaintiffs Fail To State A Claim For Violation Of 12 C.F.R. § 226.17.

In their First Cause of Action, Plaintiffs allege five purported violations of 12 C.F.R. § 226.17(c).[4]  Specifically, Plaintiffs allege that WMB:  (1) failed to disclose the interest rate upon which their payment schedules were based (Dkt. No. 6, ¶¶ 72, 74, 77); (2) improperly disclosed initial monthly payments and payment schedules that were not based upon the interest rates listed in Plaintiffs' Notes and Disclosures (id. ¶¶ 78, 80, 92); (3) failed to disclose the various monthly payment options, including the payment amounts that would have been sufficient to pay both principal and interest (id. ¶¶ 81, 99-104); (4) improperly disclosed "partial" payments in the Disclosure Statements rather than the "full" payments that Plaintiffs were supposedly obligated to pay (id. ¶ 97); and (5) failed to disclose the "effect" of the payment caps on Plaintiffs' loans (id. ¶ 108).  These claims are without merit.

### 2.    The Disclosure Statements Correctly Disclose The Interest Rates And Payment Schedules On Plaintiffs' Loans Pursuant To 12 C.F.R. § 226.18(g) And (e).

Regulation Z sets forth specific disclosure requirements "[f]or each transaction" subject to TILA.  See 12 C.F.R. § 226.18.  These disclosure requirements include, as relevant here, disclosure of "[t]he 'annual percentage rate,' using that term, and a brief description such as 'the cost of your credit as a yearly rate,'" and "[t]he number, amounts, and timing of payments scheduled to repay the obligation."  12 C.F.R. § 226.18(g), (e).[5]  Disclosure of the APR and payment schedule must be made "clearly and conspicuously in writing, in a form that the consumer may keep," 12 C.F.R. §

---

[4]  Section 226.17(c) specifies how to calculate amounts required to be disclosed under other sections of Regulation Z but does not itself include any additional disclosure requirements.  As discussed below, the specific disclosures at issue on this motion arise under 12 C.F.R. § 226.18 (specifying disclosures in the disclosure statement) and 12 C.F.R. § 226.19(b) (specifying disclosures in the variable-rate loan program disclosures).

[5]  For variable-rate transactions with a term greater than one year, where the annual percentage rate may increase after consummation and the transaction is secured by the consumer's principal dwelling (as is the case here), the disclosure statement must also include the following disclosures:  "(i) The fact that the transaction contains a variable-rate feature"; and "(ii) A statement that variable-rate disclosures have been provided earlier."  12 C.F.R. § 226.18(f)(2).

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    226.17(a), and must "reflect the terms of the legal obligation between the parties," 12 C.F.R. §

2    226.17(c)(1).

3         Regulation Z includes specific directions as to how creditors must disclose the APR and the

4    projected payment schedule on Option ARMs.  As relevant here, the payment schedule must be

5    based on the assumption that the index will remain at the level set at consummation, and the APR

6    must be disclosed as a fixed, composite rate.  This, of course, allows for easier comparison between

7    adjustable and non-adjustable rate loans, since the interest rates and total cost of the loans are more

8    clearly presented than in the loan documents themselves.  The Commentary to section 226.17(c)(1)

9    explains these requirements in detail:

10        8.  *Basis of disclosures in variable-rate transactions.*  The disclosures for a
     variable-rate transaction must be given for the full term of the transaction and must
11    be based on the terms in effect at the time of consummation. . . .  However, in a
     variable-rate transaction with . . . discounted or premium rate, disclosures should not
12    be based solely on the initial terms.  In those transactions, <u>the disclosed annual
     percentage rate should be a composite rate</u> based on the rate in effect during the
13    initial period and the rate that is the basis of the variable-rate feature for the
     remainder of the term.
14
     . . . .
15
         10.  *Discounted and premium variable-rate transactions.*  In some variable-
16    rate transactions, creditors may set an initial interest rate that is not determined by
     the index or formula used to make later interest rate adjustments.  Typically, this
17    initial rate charged to consumers is lower than the rate would be if it were calculated
     using the index or formula. . . .
18
         i.  When creditors use an initial interest rate that is not calculated
19    using the index or formula for later rate adjustments, <u>the disclosures should reflect a
     composite annual percentage rate</u> based on the initial rate for as long as it is charged
20    and, for the remainder of the term, the rate that would have been applied using the
     index or formula at the time of consummation. . . .
21
         ii.  The effect of the multiple rates must also be reflected in the
22    calculation and disclosure of the finance charge, total of payments, and payment
     schedule.
23
         iii.  <u>If a loan contains a rate or payment cap that would prevent the
24    initial rate or payment, at the time of the first adjustment, from changing to the rate
     determined by the index or formula at consummation, the effect of that rate or
     payment cap should be reflected in the disclosures.</u>

25    <u>Id.</u>, Comments 226.17(c)(1)-8, -10 (emphasis added).  The Commentary further provides the

26    following example for a 30-year loan for $100,000 with an index rate at consummation of 10%, a

27    2% margin, a 2% cap on annual interest-rate adjustments and a 7.5% cap on annual payment

28    adjustments:

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

The disclosures should reflect a composite annual percentage rate of 11.64 percent, based on 9 percent for one year and 12 percent for 29 years. Because of the payment cap, five levels of payments should be reflected. The payment schedule should show 12 payments of $804.62, 12 payments of $864.97, 12 payments of $929.84, 12 payments of $999.58, and 312 payments of $1,070.04. The finance charge should be $277,040.60, and the total of payments $377,040.60.

Id., Comment 226.17(c)(1)-10.v, example C.

In their First Cause of Action, Plaintiffs allege that WMB improperly disclosed the APR and payment schedule in their Disclosure Statements because the disclosed APR supposedly "ha[s] no relation" to the payment schedule. (See, e.g., Dkt. No. 6, ¶ 80 ("The Truth in Lending Disclosure Statement is deceptive in that it lists a schedule of payments that ha[s] no relation to, and [is] not based on, the interest rate listed on the Truth in Lending Disclosure Statement."); see also id. ¶¶ 72-79, 81.) To the contrary, however, Plaintiffs' Disclosure Statements correctly disclose a composite APR reflecting the discounted initial rate for the first month and the higher indexed rate for the remainder of the loan, based on the index in effect at consummation. The Disclosure Statements also correctly disclose the initial monthly payment and payment schedule, taking into account the payment cap and maximum principal increase on the payment schedule, in accordance with the Commentary to section 226.17.[6] Indeed, in arguing to the contrary, Plaintiffs simply ignore the disclosure requirements for Option ARMs in their entirety.

### 3. Regulation Z Does Not Require Disclosure Of Payment Amounts Sufficient To Pay Both Principal And Interest Each Month.

Plaintiffs assert that WMB "failed to clearly, conspicuously and accurately disclose a payment amount . . . sufficient to pay both principal and interest." (Dkt. No 6, ¶ 81.) This claim similarly lacks merit. Contrary to Plaintiffs' unsupported contentions, Plaintiffs' Disclosure Statements accurately reflect the terms of Plaintiffs' legal obligations under their Notes, which is to make at least the minimum monthly payment. The payment schedules reflecting the required payments are properly disclosed in Plaintiffs' Disclosure Statements in accordance with 12 C.F.R.

---

[6] Formulas for calculating composite APRs are set forth in Appendix J to 12 C.F.R. pt. 226. A Windows-based calculation tool is also available on the Office of the Comptroller of the Currency ("OCC") website, at http://www.occ.treas.gov/aprwin.htm. The calculated APRs for Jordan's and Jones-Boyle's loans are 4.4090% and 8.5116%, respectively. The accuracy tolerance for the disclosed APR on adjustable-rate mortgage loans is 0.25%. See 12 C.F.R. § 226.22(a)(3). For the convenience of the Court, amortization schedules reflecting the composite APR and payment schedules for Plaintiffs' loans are attached hereto as Exhibits A and B.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

§ 226.18(g).  Indeed, not only does nothing in Regulation Z require the disclosure of a payment amount sufficient to pay interest and principal in any given month, but providing this information in the disclosure statement would <u>violate</u> the disclosure requirements for variable-rate loans as set forth in Comments 17(c)(1)-8 and -10.  Accordingly, Plaintiffs also fail to state a claim on this basis.

### 4.    The Disclosure Statements Do Not List "Partial" Payments.

As discussed above, Plaintiffs' Disclosure Statements do not list "partial" payments.  Rather, Plaintiffs' Disclosure Statements list the full amount of the payments required under the terms of Plaintiffs' Notes, in the manner mandated by Regulation Z.  Again, Plaintiffs' assertions to the contrary are baseless.

### 5.    The Disclosure Statements Correctly Disclose The Effect Of The Payment Cap.

Plaintiffs allege that WMB "failed to disclose . . . the effect of the payment cap in violation of 12 C.F.R. § 226.17."  (Dkt. No. 6, ¶ 108.)  As discussed above, for discounted variable-rate loans, the Commentary to 12 C.F.R. § 226.17(c)(1) explains that "[i]f a loan contains a rate or payment cap that would prevent the initial rate or payment, at the time of the first adjustment, from changing to the rate determined by the index or formula at consummation, the <u>effect</u> of that rate or payment cap should be <u>reflected</u> in the disclosures."  12 C.F.R. pt. 226, Supp. I, Comment 17(c)(1)-10.iii (emphasis added).

Contrary to Plaintiffs' contentions, this Comment does not require a narrative explanation of the potential consequences of a rate cap.  Rather, the Comment explains that the payment schedule (and other disclosures affected by the payment schedule, such as the total of payments, amount financed, finance charge and APR) must simply <u>reflect</u> the effect of the payment cap.  Here, as discussed above, Plaintiffs' Disclosure Statements reflect the effect of the payment cap in the disclosure of the payment schedule required by 12 C.F.R. § 226.18(g) because the 7.5% limit on increases to the monthly payment is taken into account in determining the amount of the payments.  <u>See</u> Comment 226.17(c)(1)-10.v, example C.  Accordingly, Plaintiffs fail to state a claim on this basis.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**B.    Plaintiffs Fail To State A Claim For Violation Of 12 C.F.R. § 226.19.**

Plaintiffs allege two purported violations of 12 C.F.R. § 226.19.  Specifically, Plaintiffs allege that WMB:  (1) "failed to clearly and conspicuously disclose the interest rate upon which the payments listed in the Truth in Lending Disclosure Statement are based" (Dkt. No. 6, ¶ 72); and (2) "failed to include any reference in the Truth in Lending Disclosure Statement or in the Note that negative amortization would occur if Plaintiffs . . . followed the payment schedule provided by [WMB]" (id. ¶ 86).  These claims also are fundamentally misplaced.

As discussed above, disclosure requirements for specific loan terms are set forth in 12 C.F.R. § 226.18.  However, Regulation Z also requires additional disclosures for variable-rate loans, which must generally be provided before the section 226.18 disclosures.  See 12 C.F.R. § 226.19(b) (stating that disclosures must be provided "at the time an application form is provided or before the consumer pays a nonrefundable fee.")  Among other things, creditors must provide loan applicants with a copy of the Federal Reserve Board's Consumer Handbook on Adjustable-Rate Mortgages (or a suitable substitute), see 12 C.F.R. § 226.19(b)(1), as well as "loan program" disclosures describing the general terms of the creditor's various adjustable-rate programs, see 12 C.F.R. § 226.19(b)(2) (stating that creditors must provide a "loan program disclosure for each variable-rate program in which the consumer expresses an interest").  A creditor may either provide separate disclosures for each loan program or combine the disclosures into a single form.  Id., Comment 19(b)(2)-3.

Unlike the section 226.18 disclosures discussed above, the "loan program" disclosures need not disclose particular loan terms or reflect the effect of specific terms that may apply in any given case.  Indeed, the Commentary expressly recognizes that "[b]ecause the disclosures can be prepared in advance, the interest rate and margin may be several months old when the disclosures are delivered."  12 C.F.R. pt. 226, Supp. I, Comment 19(b)(2)(iv)-1 (emphasis added).  Programs that differ as to "the amount of a discount" or "the amount of a margin" also do not constitute separate programs and need not be separately disclosed.  Id., Comment 19(b)(2)-2.i.I.  Further, payment caps and limitations on interest rate increases may be expressed as ranges rather than precise figures.  Id., Comment 19(b)(2)(vii)-1.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Plaintiffs' assertion that WMB violated section 226.19 because WMB failed to disclose the interest rate upon which the payment schedules in the Disclosure Statements were based, or because Plaintiffs' Disclosure Statements and Notes somehow failed adequately to disclose the fact that Plaintiffs' loans were subject to negative amortization, is fundamentally misguided. Contrary to Plaintiffs' contentions, section 226.19 has nothing to do with Regulation Z's disclosure-statement requirements, which are separately set forth in 12 C.F.R. § 226.18. Similarly, section 226.19 does not regulate the manner in which credit terms appear in the loan contract. Rather, section 226.19 sets forth the requirements for entirely separate "loan program" disclosures. By their nature, these are general disclosures that apply to a creditor's loan programs as a whole, not the specific terms of any particular loan. As to specific loans, the Commentary to 12 C.F.R. § 226.17 explains that the disclosure statement should reflect the cost of negative amortization by including the negative amortization in the disclosed finance charge rather than the amount financed, which is precisely what WMB did here. See 12 C.F.R. pt. 226, Supp. I, Comment 17(c)(1)-12. Accordingly, Plaintiffs' allegations fail to state a claim under section 226.19 and must be dismissed.

**C.      Plaintiffs' State-Law Claims Are Barred By Federal Preemption.**

**1.      The OTS Has Occupied The Entire Field With Respect To Federal Savings Associations' Lending Activities.**

"Preemption by implication, or 'field preemption,' occurs when federal regulation in a particular area is 'so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it.'" American Bankers Ass'n v. Lockyer, 239 F. Supp. 2d 1000, 1007-08 (E.D. Cal. 2002) (citing Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S. Ct. 1146, 91 L. Ed. 1447 (1947)). In such a case, the absence of a specific regulation on a particular issue does not indicate that the issue lies outside the field of federal preemption. Washington Mutual Bank, FA v. Super. Ct. (Guilford), 95 Cal. App. 4th 606, 620, 115 Cal. Rptr. 2d 765 (2002), as modified (Feb. 15, 2002). Rather, "[w]here . . . the agency administering the federal act has expressed its intention to occupy the entire field of lending regulations for federal savings associations there is no need to find a specific regulation on point." Id. (citation omitted). Furthermore, "because there is a '"history of significant federal presence"' in national banking, the presumption against preemption

of state law is inapplicable." <u>American Bankers</u>, 239 F. Supp. 2d at 1008 (quoting <u>Bank of America v. City and County of San Francisco</u>, 309 F.3d 551, 560 (9th Cir. 2002) (citing <u>United States v. Locke</u>, 529 U.S. 89, 108, 120 S. Ct. 1135, 146 L. Ed. 2d 69 (2000)), <u>as amended on denial of reh'g and reh'g en banc</u> (Dec. 20, 2002), <u>cert. denied</u>, 538 U.S. 1069, 123 S. Ct. 2220, 155 L. Ed. 2d 1127 (May 27, 2003)); <u>accord</u> <u>Watters v. Wachovia Bank, N.A.</u>, 127 S. Ct. 1559, 1567 (2007) ("We have 'interpret[ed] grants of both enumerated and incidental "powers" to national banks as grants of authority not normally limited by, but rather ordinarily pre-empting, contrary state law.'" (quoting <u>Barnett Bank of Marion Cty., N.A. v. Nelson</u>, 517 U.S. 25, 32, 116 S. Ct. 1103, 134 L. Ed. 2d 237 (1996)).

Under HOLA, the OTS has the exclusive authority to regulate the lending operations of federal savings associations. 12 U.S.C. §§ 1463(a), 1464(a); <u>see</u> <u>Fidelity Fed. Sav. & Loan Ass'n v. De la Cuesta</u>, 458 U.S. 141, 153, 102 S. Ct. 3014, 73 L. Ed. 2d 664 (1982); <u>Conference of Fed. Sav. & Loan Assn's v. Stein</u>, 604 F.2d 1256, 1257-58 (9th Cir. 1979), <u>aff'd</u>, 445 U.S. 921, 100 S. Ct. 1304, 63 L. Ed. 2d 754 (1980). Pursuant to this authority, the OTS has expressly occupied the entire field of lending regulation with respect to federal savings associations:

> <u>Occupation of field</u>. . . . To enhance safety and soundness and to enable federal savings associations to conduct their operations in accordance with best practices (by efficiently delivering low-cost credit to the public free from undue regulatory duplication and burden), <u>OTS hereby occupies the entire field of lending regulation for federal savings associations</u>. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, <u>federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws</u> purporting to regulate or otherwise affect their credit activities . . . . For purposes of this section, "state law" includes any state statute, regulation, ruling, order or judicial decision.

12 C.F.R. § 560.2(a) (emphasis added). Section 560.2(b) further identifies specific types of state laws that are preempted, two of which are applicable to this case:

> [T]he types of state laws preempted by paragraph (a) of this section, include, without limitation, state laws purporting to impose requirements regarding: . . .
>
> (4) <u>The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate</u> . . . ;
>
> (9) <u>Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents</u>[.]"

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 12 -

MOTION TO DISMISS COMPLAINT
Case No. CV-08-2142 RS

1    12 C.F.R. § 560.2(b)(4), (9) (emphasis added).

2          Exceptions to preemption are narrow.  Indeed, the only laws that are <u>not</u> preempted are laws

3    of the following types "to the extent that they only incidentally affect the lending operations of

4    Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this

5    section":  (1) contract and commercial laws; (2) real property laws; (3) certain homestead laws; (4)

6    tort laws; (5) criminal laws; and (6) "any other law that OTS, upon review, finds:  (i) [f]urthers a

7    vital state interest; and (ii) [e]ither has only an incidental effect on lending operations or is not

8    otherwise contrary to the purposes expressed in paragraph (a) of this section."  12 C.F.R. §

9    560.2(c).  The OTS has emphasized that the exceptions set forth in 12 C.F.R. § 560.2(c) are to be

10   "interpreted narrowly" and that "[a]ny doubt should be resolved in favor of preemption."  OTS,

11   Final Rule, 61 Fed. Reg. 50,951, *50,966 (Sept. 30, 1996) ("This presumption [of preemption] can

12   be reversed only if the law can clearly be shown to fit within the confines of [the exceptions set

13   forth in section 560.2(c)]").

14         **2.    HOLA's Express Field Preemption Bars Plaintiffs' State-Law Claims.**

15         The Ninth Circuit's recent opinion in <u>Silvas v. E*Trade Mortgage Corp.</u>, 514 F.3d 1001

16   (9th Cir. 2008), is dispositive of Plaintiffs' state-law claims here.  In <u>Silvas</u>, plaintiffs contended

17   that defendant E*Trade failed to refund a mortgage lock-in fee as allegedly required by TILA and

18   that E*Trade had misrepresented to its customers that the fee was non-refundable.  <u>Id.</u> at 1003.

19   Plaintiffs asserted claims for violation of the UCL and for false advertising under California

20   Business & Professions Code section 17500.  <u>Id.</u>  The district court granted E*Trade's motion to

21   dismiss on the grounds that federal law preempted plaintiffs' state-law claims.  <u>Id.</u>

22         The Ninth Circuit affirmed, setting forth the following approach to determine whether state-

23   law claims are barred by preemption under section 560.2:

24            When analyzing the status of state laws under § 560.2, the first step will be to
              determine whether the type of law in question is listed in paragraph (b).  If so, the
25            analysis will end there; the law is preempted.  If the law is not covered by paragraph
              (b), the next question is whether the law affects lending.  If it does, then, in
26            accordance with paragraph (a), the presumption arises that the law is preempted.
              This presumption can be reversed only if the law can clearly be shown to fit within
27            the confines of paragraph (c).  For these purposes, paragraph (c) is intended to be
              interpreted narrowly.  Any doubt should be resolved in favor of preemption.
28
     <u>Id.</u> at 1005 (quoting 61 Fed. Reg. 50951, *50966-67).

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    The Ninth Circuit held that "[t]he general presumption against preemption is not applicable

2   here, and the relevant regulation is clear -- the field of lending regulation of federal savings

3   associations [such as E*Trade] is preempted."  Id. at 1004-05.  The court examined each of

4   plaintiffs' claims:

5       Here, [plaintiffs] allege that E*Trade violated UCL § 17500 by including false
        information on its website and in every media advertisement to the California
6       public.  Because this claim is entirely based on E*Trade's disclosures and
        advertising, it falls within the specific type of law listed in § 560.2(b)(9).  Therefore,
7       the preemption analysis ends.  UCL § 17500 as applied in this case is preempted by
        federal law.

8       . . . .

9       [Plaintiffs] allege E*Trade's practice of misrepresenting consumers' legal rights in
        advertisements and other documents is contrary to the policy of California [law] and
10      thus violates [the] UCL . . . .  This claim . . . fits within § 560.2(b)(9) because the
        alleged misrepresentation is contained in advertising and disclosure documents.

11      . . . [Plaintiffs'] claim under UCL 17200 alleges that the lock-in fee itself is
        unlawful. . . .  Section 560.2(b)(5) specifically preempts state laws purporting to
12      impose requirements on loan related fees.  Because the UCL § 17200 claim, as
        applied, is a type of state law listed in paragraph (b) -- in two separate sections -- the
13      preemption analysis ends there.  [Plaintiffs'] claim under UCL § 17200 is
        preempted.

14   Id. at 1006 (emphasis added); accord Rose v. Chase Manhattan Bank U.S.A., N.A., 396 F. Supp. 2d

15   1116, 1122-23 (C.D. Cal. 2005), aff'd, 513 F.3d 1032 (9th Cir. 2008) (holding that state law claims

16   challenging the disclosure of information in credit card solicitations was expressly preempted by

17   the National Bank Act and regulations promulgated thereunder).

18      The California Court of Appeal's decision in Weiss v. Washington Mutual Bank, 147 Cal.

19   App. 4th 72, 77, 53 Cal. Rptr. 3d 782 (2007), similarly confirms that Plaintiffs' claims are

20   preempted.  In Weiss, plaintiffs alleged that defendant failed to disclose, among other things, that

21   the prepayment penalty on plaintiffs' loans could yield a "penalty" rate as high as ten percent of the

22   unpaid balance.  Weiss, 147 Cal. App. 4th at 75.  Plaintiffs asserted state-law claims for fraud,

23   unlawful restraint on alienation of real property, unfair and deceptive business practices and unjust

24   enrichment.  Id.  The trial court granted defendant's motion for judgment on the pleadings, finding

25   that plaintiffs' state-law claims were barred by federal preemption under HOLA and 12 C.F.R. §

26   560.2.  Id.

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

On appeal, plaintiffs contended that their tort claims were not barred by preemption because those claims did not directly affect defendant's lending operations. <u>Id.</u> at 76-77. The Court of Appeal squarely rejected this argument:

> Although 12 C.F.R. § 560.2(c) exempts state tort laws that only incidentally affect the lending operations of federally regulated institutions, the "incidentally affect" analysis is triggered only when dealing with an activity that is not listed in 12 C.F.R. § 560.2(b). According to the OTS, "[w]hen analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed [among the illustrative examples of preempted state laws] in paragraph (b) [of 12 C.F.R. § 560.2]. If so, the analysis will end there; the law is preempted. . . . Any doubt should be resolved in favor of preemption." (61 Fed. Reg. 50951, 61 Fed. Reg. 50966 50967 (Sept. 30, 1996).) It is only if the law is not covered by paragraph (b) that the inquiry continues to determine whether the particular state law affects lending. (<u>Ibid.</u>) As noted above and in footnote 2, ante, prepayment penalty provisions are listed among the illustrations in 12 C.F.R. § 560.2(b). For this reason, our inquiry ends here . . . .

<u>Id.</u> at 77. Because plaintiffs' state-law tort claims sought to impose requirements concerning prepayment penalties, which are expressly listed under section 560.2(b), the Court of Appeal held that plaintiffs' claims were barred in their entirety by federal preemption. <u>Id.</u> at 76-77.

<u>Rosenberg v. Washington Mutual Bank, FA</u>, 849 A.2d 566, 369 N.J. Super. 456 (N.J. Sup. Ct. App. Div. 2004), also is instructive. In <u>Rosenberg</u>, plaintiffs obtained a 30-year, $225,000 adjustable-rate mortgage loan from WMB to purchase a vacation home. <u>Id.</u> at 567. Plaintiffs subsequently filed suit against WMB for consumer fraud, alleging that the billing statements sent to them by WMB were deceptive because paying the "total amount due" listed on the statements resulted in negative amortization. <u>Id.</u> at 567-68, 572-73. Finding that the focus of plaintiffs' claims was on WMB's billing disclosures, or alleged lack thereof, the trial court granted defendants' motion to dismiss, and the appellate court affirmed. <u>Id.</u> at 568. As the appellate court explained in affirming the dismissal on preemption grounds:

> Congress specifically authorized OTS to preempt state laws affecting the operations of federal savings associations. 12 U.S.C. §§ 1463(a), 1464(a). OTS has done so. . . .
>
> While 12 C.F.R. § 560.2(c) refers to state laws, including contract and tort laws, that are not preempted if "they only incidentally affect" the federally regulated institutions, OTS has made it clear that <u>the "incidentally affect" analysis becomes critical only if the types of preempted areas set forth in 12 C.F.R. § 560.2(b) are not involved</u>. . . .
>
> Here, plaintiffs' state law claims clearly fall within 12 C.F.R. § 560.2(b)(9) as they assert that WMBFA's billing statements fail to convey, <u>i.e.</u>, disclose, to the debtor that the "total amount due" figure is something other than what one normally would think of as a "total amount due." By way of either injunctive relief or monetary

damages, <u>plaintiffs seek to insert a form of state regulation by compelling a different type of billing statement disclosure</u>.

<u>Id.</u> at 571-72 (emphasis added).[7]

Through their state-law claims, Plaintiffs purport to challenge WMB's disclosure of the payment options on adjustable-rate mortgage loans and application of payments to principal and interest.  These claims fail as a matter of law because the OTS has the <u>exclusive</u> authority to issue rules and regulations with respect to federal savings associations' lending activities.  As the foregoing authorities attest, Plaintiffs' claims are expressly barred by federal preemption under 12 C.F.R. § 560.2(a) and (b)(4), (9).  Accordingly, Plaintiffs do not and cannot state a claim against WMB under state law, and the Second through Fourth Causes of Action should be dismissed with prejudice.[8]

**D.    Plaintiffs' State-Law Claims Fail In Any Event.**

To avoid dismissal on a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).  The court must "accept[] all facts alleged in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  <u>Cholla Ready Mix, Inc. v. Civish</u>, 382 F.3d 969, 973 (9th Cir. 2004) (citing <u>Karam v. City of Burbank</u>, 352 F.3d 1188, 1192 (9th Cir. 2003)), <u>cert. denied</u>, 544 U.S. 974, 125 S. Ct. 1828, 161 L. Ed. 2d 724 (Apr. 18, 2005).  "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  <u>Id.</u> (quoting <u>Clegg v. Cult</u>

---

[7]  <u>See also Moskowitz v. Washington Mutual Bank, FA</u>, 329 Ill. App. 3d 144, 149-50, 768 N.E.2d 262 (Ill. App. Ct. 2002) (holding that claims for breach of contract and violation of the Illinois Consumer Fraud Act were barred by federal preemption under section 560.2); <u>Haehl v. Washington Mutual Bank, F.A.</u>, 277 F. Supp. 2d 933, 942-43 (S.D. Ind. 2003) (holding that claims for violation of the Indiana Consumer Credit Code, fraud, breach of fiduciary duty, concealment, nondisclosure, breach of the duty of good faith and fair dealing, unjust enrichment and conversion were barred by preemption under section 560.2); <u>Lopez v. World Savings & Loan Ass'n</u>, 105 Cal. App. 4th 729, 742, 130 Cal. Rptr. 2d 42 (2003), <u>review denied</u> (May 14, 2003) (holding that California statute restricting fees charged for payoff demand statements was preempted under section 560.2, as was the UCL, to the extent a UCL claim challenged the same conduct); <u>Washington Mutual Bank</u>, 95 Cal. App. 4th at 620 (finding that claims under California statute restricting the charging of pre-closing interest on home loans, as well as related claims under the UCL and CLRA, were barred by section 560.2)

[8]  Regulating WMB's disclosures of its loan terms under state law would also have more than an "incidental effect" and be contrary to the purposes expressed in section 560.2(a).  Plaintiffs' claims would thus also be barred on this alternative ground.  <u>See Silvas</u>, 514 F.3d at 1006-07 n.3; <u>Moskowitz</u>, 329 Ill. App. 3d at 149-50; <u>Haehl</u>, 277 F. Supp. 2d at 942-43.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Id. (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

In addition to being barred by federal preemption, Plaintiffs' state-law claims are entirely without merit in any event. Plaintiffs' Notes expressly disclose the loan terms, including the manner in which Plaintiffs' interest rates and payments adjust and the circumstances under which negative amortization will occur. As the appellate court in Rosenberg observed in rejecting similar claims: "Even were we to conclude that preemption does not exist, plaintiffs' state law claims are facially meritless. . . . The mortgage documents which plaintiffs signed clearly explain how [negative amortization] can occur. . . . All of these terms are plainly apparent in the mortgage documents. The language of the documents is complex, but not indecipherably so, and they are not voluminous, totaling fourteen pages." Rosenberg, 849 A.2d at 573.

The same holds true here. In their Second Cause of Action for fraudulent omission, Plaintiffs essentially allege that WMB failed to disclose that negative amortization would occur based on the payment schedule listed in their Disclosure Statements, and that this alleged failure is actionable because negative amortization on Plaintiffs' loans was not "reasonably discoverable." (Dkt. No. 6, ¶¶ 112, 117; see also id. ¶¶ 114-115.)[9] Even if this claim were not preempted -- which it is, since Plaintiffs are simply challenging the manner in which their loan terms were disclosed -- it is facially without merit. The terms governing negative amortization, including the circumstances under which it will occur, are expressly set forth in section 4(G) of Plaintiffs' Notes. Section 4 also expressly states the margins on Plaintiffs' loans and identifies the publicly available index upon which adjustments are based. Contrary to the unsupported allegations of the Complaint, Plaintiffs' fraud claim is baseless, and there likewise is nothing "unlawful, unfair or fraudulent" about WMB's disclosure of Plaintiffs' loan terms under the UCL. See Plotkin v.

---

[9] Under California law, nondisclosure or concealment is actionable only: "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." Heliotis v. Schuman, 181 Cal. App. 3d 646, 651, 226 Cal. Rptr. 509 (1986) (citing 4 Bernard E. Witkin, Summary of California Law, §§ 459-64 (8th ed. 1974)); see also Goodman v. Kennedy, 18 Cal. 3d 335, 346-48, 556 P.2d 737, 134 Cal. Rptr. 375 (1976).

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   _Sajahtera, Inc._, 106 Cal. App. 4th 953, 964-966, 131 Cal. Rptr. 3d 303 (2003) (upholding trial

2   court's ruling, as a matter of law, that notice on parking ticket was not likely to deceive members of

3   the public); _Shvarts v. Budget Group, Inc._, 81 Cal. App. 4th 1153, 1160, 97 Cal. Rptr. 2d 722

4   (2000) (sustaining demurrer, holding that rental car agreements were not deceptive as a matter of

5   law).

6           Plaintiffs' claims for breach of contract and breach of the covenant of good faith and fair

7   dealing are similarly lacking.  According to Plaintiffs, WMB breached the terms of their Notes

8   because the Notes supposedly provide:  (1) that "Plaintiffs' monthly payment . . . would be

9   sufficient to pay both principal and interest" (Dkt. No. 6, ¶¶ 150-152); and (2) that Plaintiffs' loans

10  "would have a low payment and interest rate for up to the first 3 to 5 years of the loan."  (Dkt. No.

11  6, ¶ 157.)  As to the first, Plaintiffs' claims are directly refuted by the terms of their Notes.  Section

12  4(G) expressly states: "Since my payment amount changes less frequently than the Interest rate and

13  since the monthly payment is subject to the payment limitations described in Section 4(F), my

14  monthly payment could be less or greater than the amount of the interest portion of the monthly

15  payment . . ." (emphasis added).  As to the second, Plaintiffs' loans have precisely the interest rates

16  and payment amounts called for by the terms of their Notes.  Indeed, Plaintiffs admit that "the Note

17  states the interest rate and the payment amounts required for Plaintiffs to pay off the loan."  (Dkt.

18  No. 6, ¶ 145.)  To the extent that Plaintiffs allege the payment amount should have reflected the

19  current interest rate, Plaintiffs' claims are again directly refuted by sections 4(A) (providing for

20  monthly interest-rate changes) and 4(E) (providing for annual payment changes) as well as section

21  4(G).  Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing similarly

22  fails because, as a matter of well-settled law, the covenant of good faith and fair dealing cannot be

23  used to vary or contradict an express contractual term.  See California Grocers Ass'n v. Bank of

24  Am., 22 Cal. App. 4th 205, 217, 27 Cal. Rptr. 2d 396 (1994) (citing Carma Developers, Inc. v.

25  Marathon Dev. California, Inc., 2 Cal. 4th 342, 374, 6 Cal. Rptr. 2d 467 (1992)).[10]  Here, WMB has

26  charged Plaintiffs no more than the express terms of their Notes allow.

27  

28  [10] Plaintiff also assert, in passing, that their loan terms are "unconscionable."  (Dkt. No. 6, ¶ 155.)
    Under California law, unconscionability is a defense to enforcement but does not afford an
    affirmative cause of action.  See Cal. Grocers, 22 Cal. App. 4th at 217.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

IV.   CONCLUSION

For the foregoing reasons, WMB respectfully requests that the Court grant the Motion in its entirety and without leave to amend.

Dated:  July 18, 2008                    STROOCK & STROOCK & LAVAN LLP
                                         JULIA B. STRICKLAND
                                         LISA M. SIMONETTI
                                         DEBORAH E. BARACK


                                         By:  _____/s/ Deborah E. Barack_____
                                                    Deborah E. Barack

                                         Attorneys for Defendant
                                              WASHINGTON MUTUAL BANK, formerly
                                              known as WASHINGTON MUTUAL
                                              BANK, FA

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

EXHIBIT A

### Exhibit A

The following reflects a composite APR of 4.409%, an amount financed of $387,986.07 and the payment schedule set forth in Jordan's Disclosure Statement. (All dollar amounts have been rounded to the nearest $.01.)

| | |
|---|---|
| Total of Payments: | $723,367.80 |
| Amount Financed: | -$387,986.07 |
| Finance Charge: | $335,381.73 |

| Payment Date | Unpaid Principal | APR | Accrued Interest | Payment |
|---|---|---|---|---|
| 6/1/2005 | $387,986.07 | 4.409% | $1,425.53 | $1,298.32 |
| 7/1/2005 | $388,113.28 | 4.409% | $1,425.99 | $1,298.32 |
| 8/1/2005 | $388,240.95 | 4.409% | $1,426.46 | $1,298.32 |
| 9/1/2005 | $388,369.09 | 4.409% | $1,426.93 | $1,298.32 |
| 10/1/2005 | $388,497.70 | 4.409% | $1,427.41 | $1,298.32 |
| 11/1/2005 | $388,626.79 | 4.409% | $1,427.88 | $1,298.32 |
| 12/1/2005 | $388,756.35 | 4.409% | $1,428.36 | $1,298.32 |
| 1/1/2006 | $388,886.39 | 4.409% | $1,428.83 | $1,298.32 |
| 2/1/2006 | $389,016.90 | 4.409% | $1,429.31 | $1,298.32 |
| 3/1/2006 | $389,147.89 | 4.409% | $1,429.79 | $1,298.32 |
| 4/1/2006 | $389,279.36 | 4.409% | $1,430.28 | $1,298.32 |
| 5/1/2006 | $389,411.32 | 4.409% | $1,430.76 | $1,298.32 |
| 6/1/2006 | $389,543.76 | 4.409% | $1,431.25 | $1,395.69 |
| 7/1/2006 | $389,579.32 | 4.409% | $1,431.38 | $1,395.69 |
| 8/1/2006 | $389,615.01 | 4.409% | $1,431.51 | $1,395.69 |
| 9/1/2006 | $389,650.83 | 4.409% | $1,431.64 | $1,395.69 |
| 10/1/2006 | $389,686.78 | 4.409% | $1,431.77 | $1,395.69 |
| 11/1/2006 | $389,722.86 | 4.409% | $1,431.91 | $1,395.69 |
| 12/1/2006 | $389,759.08 | 4.409% | $1,432.04 | $1,395.69 |
| 1/1/2007 | $389,795.43 | 4.409% | $1,432.17 | $1,395.69 |
| 2/1/2007 | $389,831.91 | 4.409% | $1,432.31 | $1,395.69 |
| 3/1/2007 | $389,868.53 | 4.409% | $1,432.44 | $1,395.69 |
| 4/1/2007 | $389,905.28 | 4.409% | $1,432.58 | $1,395.69 |
| 5/1/2007 | $389,942.17 | 4.409% | $1,432.71 | $1,395.69 |
| 6/1/2007 | $389,979.19 | 4.409% | $1,432.85 | $1,500.37 |
| 7/1/2007 | $389,911.67 | 4.409% | $1,432.60 | $1,500.37 |
| 8/1/2007 | $389,843.90 | 4.409% | $1,432.35 | $1,500.37 |
| 9/1/2007 | $389,775.88 | 4.409% | $1,432.10 | $1,500.37 |
| 10/1/2007 | $389,707.61 | 4.409% | $1,431.85 | $1,500.37 |
| 11/1/2007 | $389,639.09 | 4.409% | $1,431.60 | $1,500.37 |
| 12/1/2007 | $389,570.32 | 4.409% | $1,431.35 | $1,500.37 |
| 1/1/2008 | $389,501.30 | 4.409% | $1,431.09 | $1,500.37 |
| 2/1/2008 | $389,432.02 | 4.409% | $1,430.84 | $1,500.37 |

Exhibit A-1

| | | | | |
|---|---|---|---|---|
| 3/1/2008 | $389,362.49 | 4.409% | $1,430.58 | $1,500.37 |
| 4/1/2008 | $389,292.70 | 4.409% | $1,430.33 | $1,500.37 |
| 5/1/2008 | $389,222.66 | 4.409% | $1,430.07 | $1,500.37 |
| 6/1/2008 | $389,152.36 | 4.409% | $1,429.81 | $1,612.90 |
| 7/1/2008 | $388,969.27 | 4.409% | $1,429.14 | $1,612.90 |
| 8/1/2008 | $388,785.51 | 4.409% | $1,428.46 | $1,612.90 |
| 9/1/2008 | $388,601.07 | 4.409% | $1,427.79 | $1,612.90 |
| 10/1/2008 | $388,415.96 | 4.409% | $1,427.10 | $1,612.90 |
| 11/1/2008 | $388,230.16 | 4.409% | $1,426.42 | $1,612.90 |
| 12/1/2008 | $388,043.68 | 4.409% | $1,425.74 | $1,612.90 |
| 1/1/2009 | $387,856.52 | 4.409% | $1,425.05 | $1,612.90 |
| 2/1/2009 | $387,668.67 | 4.409% | $1,424.36 | $1,612.90 |
| 3/1/2009 | $387,480.13 | 4.409% | $1,423.67 | $1,612.90 |
| 4/1/2009 | $387,290.90 | 4.409% | $1,422.97 | $1,612.90 |
| 5/1/2009 | $387,100.97 | 4.409% | $1,422.27 | $1,612.90 |
| 6/1/2009 | $386,910.34 | 4.409% | $1,421.57 | $1,733.87 |
| 7/1/2009 | $386,598.04 | 4.409% | $1,420.43 | $1,733.87 |
| 8/1/2009 | $386,284.60 | 4.409% | $1,419.27 | $1,733.87 |
| 9/1/2009 | $385,970.00 | 4.409% | $1,418.12 | $1,733.87 |
| 10/1/2009 | $385,654.25 | 4.409% | $1,416.96 | $1,733.87 |
| 11/1/2009 | $385,337.34 | 4.409% | $1,415.79 | $1,733.87 |
| 12/1/2009 | $385,019.26 | 4.409% | $1,414.62 | $1,733.87 |
| 1/1/2010 | $384,700.01 | 4.409% | $1,413.45 | $1,733.87 |
| 2/1/2010 | $384,379.59 | 4.409% | $1,412.27 | $1,733.87 |
| 3/1/2010 | $384,057.99 | 4.409% | $1,411.09 | $1,733.87 |
| 4/1/2010 | $383,735.21 | 4.409% | $1,409.91 | $1,733.87 |
| 5/1/2010 | $383,411.25 | 4.409% | $1,408.72 | $1,733.87 |
| 6/1/2010 | $383,086.10 | 4.409% | $1,407.52 | $2,109.58 |
| 7/1/2010 | $382,384.04 | 4.409% | $1,404.94 | $2,109.58 |
| 8/1/2010 | $381,679.40 | 4.409% | $1,402.35 | $2,109.58 |
| 9/1/2010 | $380,972.17 | 4.409% | $1,399.76 | $2,109.58 |
| 10/1/2010 | $380,262.35 | 4.409% | $1,397.15 | $2,109.58 |
| 11/1/2010 | $379,549.92 | 4.409% | $1,394.53 | $2,109.58 |
| 12/1/2010 | $378,834.87 | 4.409% | $1,391.90 | $2,109.58 |
| 1/1/2011 | $378,117.19 | 4.409% | $1,389.27 | $2,109.58 |
| 2/1/2011 | $377,396.88 | 4.409% | $1,386.62 | $2,109.58 |
| 3/1/2011 | $376,673.92 | 4.409% | $1,383.96 | $2,109.58 |
| 4/1/2011 | $375,948.30 | 4.409% | $1,381.30 | $2,109.58 |
| 5/1/2011 | $375,220.02 | 4.409% | $1,378.62 | $2,109.58 |
| 6/1/2011 | $374,489.06 | 4.409% | $1,375.94 | $2,109.58 |
| 7/1/2011 | $373,755.42 | 4.409% | $1,373.24 | $2,109.58 |
| 8/1/2011 | $373,019.08 | 4.409% | $1,370.53 | $2,109.58 |
| 9/1/2011 | $372,280.03 | 4.409% | $1,367.82 | $2,109.58 |
| 10/1/2011 | $371,538.27 | 4.409% | $1,365.09 | $2,109.58 |
| 11/1/2011 | $370,793.78 | 4.409% | $1,362.36 | $2,109.58 |
| 12/1/2011 | $370,046.56 | 4.409% | $1,359.61 | $2,109.58 |

Exhibit A-2

| | | | | |
|---|---|---|---|---|
| 1/1/2012 | $369,296.59 | 4.409% | $1,356.86 | $2,109.58 |
| 2/1/2012 | $368,543.87 | 4.409% | $1,354.09 | $2,109.58 |
| 3/1/2012 | $367,788.38 | 4.409% | $1,351.32 | $2,109.58 |
| 4/1/2012 | $367,030.12 | 4.409% | $1,348.53 | $2,109.58 |
| 5/1/2012 | $366,269.07 | 4.409% | $1,345.73 | $2,109.58 |
| 6/1/2012 | $365,505.22 | 4.409% | $1,342.93 | $2,109.58 |
| 7/1/2012 | $364,738.57 | 4.409% | $1,340.11 | $2,109.58 |
| 8/1/2012 | $363,969.10 | 4.409% | $1,337.28 | $2,109.58 |
| 9/1/2012 | $363,196.80 | 4.409% | $1,334.45 | $2,109.58 |
| 10/1/2012 | $362,421.67 | 4.409% | $1,331.60 | $2,109.58 |
| 11/1/2012 | $361,643.69 | 4.409% | $1,328.74 | $2,109.58 |
| 12/1/2012 | $360,862.85 | 4.409% | $1,325.87 | $2,109.58 |
| 1/1/2013 | $360,079.14 | 4.409% | $1,322.99 | $2,109.58 |
| 2/1/2013 | $359,292.55 | 4.409% | $1,320.10 | $2,109.58 |
| 3/1/2013 | $358,503.07 | 4.409% | $1,317.20 | $2,109.58 |
| 4/1/2013 | $357,710.69 | 4.409% | $1,314.29 | $2,109.58 |
| 5/1/2013 | $356,915.40 | 4.409% | $1,311.37 | $2,109.58 |
| 6/1/2013 | $356,117.19 | 4.409% | $1,308.43 | $2,109.58 |
| 7/1/2013 | $355,316.04 | 4.409% | $1,305.49 | $2,109.58 |
| 8/1/2013 | $354,511.95 | 4.409% | $1,302.54 | $2,109.58 |
| 9/1/2013 | $353,704.91 | 4.409% | $1,299.57 | $2,109.58 |
| 10/1/2013 | $352,894.90 | 4.409% | $1,296.59 | $2,109.58 |
| 11/1/2013 | $352,081.91 | 4.409% | $1,293.61 | $2,109.58 |
| 12/1/2013 | $351,265.94 | 4.409% | $1,290.61 | $2,109.58 |
| 1/1/2014 | $350,446.97 | 4.409% | $1,287.60 | $2,109.58 |
| 2/1/2014 | $349,624.99 | 4.409% | $1,284.58 | $2,109.58 |
| 3/1/2014 | $348,799.99 | 4.409% | $1,281.55 | $2,109.58 |
| 4/1/2014 | $347,971.96 | 4.409% | $1,278.51 | $2,109.58 |
| 5/1/2014 | $347,140.89 | 4.409% | $1,275.45 | $2,109.58 |
| 6/1/2014 | $346,306.76 | 4.409% | $1,272.39 | $2,109.58 |
| 7/1/2014 | $345,469.57 | 4.409% | $1,269.31 | $2,109.58 |
| 8/1/2014 | $344,629.30 | 4.409% | $1,266.23 | $2,109.58 |
| 9/1/2014 | $343,785.95 | 4.409% | $1,263.13 | $2,109.58 |
| 10/1/2014 | $342,939.50 | 4.409% | $1,260.02 | $2,109.58 |
| 11/1/2014 | $342,089.94 | 4.409% | $1,256.90 | $2,109.58 |
| 12/1/2014 | $341,237.26 | 4.409% | $1,253.76 | $2,109.58 |
| 1/1/2015 | $340,381.44 | 4.409% | $1,250.62 | $2,109.58 |
| 2/1/2015 | $339,522.48 | 4.409% | $1,247.46 | $2,109.58 |
| 3/1/2015 | $338,660.36 | 4.409% | $1,244.29 | $2,109.58 |
| 4/1/2015 | $337,795.07 | 4.409% | $1,241.12 | $2,109.58 |
| 5/1/2015 | $336,926.61 | 4.409% | $1,237.92 | $2,109.58 |
| 6/1/2015 | $336,054.95 | 4.409% | $1,234.72 | $2,109.58 |
| 7/1/2015 | $335,180.09 | 4.409% | $1,231.51 | $2,109.58 |
| 8/1/2015 | $334,302.02 | 4.409% | $1,228.28 | $2,109.58 |
| 9/1/2015 | $333,420.72 | 4.409% | $1,225.04 | $2,109.58 |
| 10/1/2015 | $332,536.18 | 4.409% | $1,221.79 | $2,109.58 |

Exhibit A-3

| | | | | |
|---|---|---|---|---|
| 11/1/2015 | $331,648.39 | 4.409% | $1,218.53 | $2,109.58 |
| 12/1/2015 | $330,757.34 | 4.409% | $1,215.26 | $2,109.58 |
| 1/1/2016 | $329,863.02 | 4.409% | $1,211.97 | $2,109.58 |
| 2/1/2016 | $328,965.41 | 4.409% | $1,208.67 | $2,109.58 |
| 3/1/2016 | $328,064.50 | 4.409% | $1,205.36 | $2,109.58 |
| 4/1/2016 | $327,160.28 | 4.409% | $1,202.04 | $2,109.58 |
| 5/1/2016 | $326,252.74 | 4.409% | $1,198.71 | $2,109.58 |
| 6/1/2016 | $325,341.87 | 4.409% | $1,195.36 | $2,109.58 |
| 7/1/2016 | $324,427.65 | 4.409% | $1,192.00 | $2,109.58 |
| 8/1/2016 | $323,510.07 | 4.409% | $1,188.63 | $2,109.58 |
| 9/1/2016 | $322,589.12 | 4.409% | $1,185.25 | $2,109.58 |
| 10/1/2016 | $321,664.79 | 4.409% | $1,181.85 | $2,109.58 |
| 11/1/2016 | $320,737.06 | 4.409% | $1,178.44 | $2,109.58 |
| 12/1/2016 | $319,805.92 | 4.409% | $1,175.02 | $2,109.58 |
| 1/1/2017 | $318,871.36 | 4.409% | $1,171.59 | $2,109.58 |
| 2/1/2017 | $317,933.37 | 4.409% | $1,168.14 | $2,109.58 |
| 3/1/2017 | $316,991.93 | 4.409% | $1,164.68 | $2,109.58 |
| 4/1/2017 | $316,047.03 | 4.409% | $1,161.21 | $2,109.58 |
| 5/1/2017 | $315,098.66 | 4.409% | $1,157.72 | $2,109.58 |
| 6/1/2017 | $314,146.80 | 4.409% | $1,154.23 | $2,109.58 |
| 7/1/2017 | $313,191.45 | 4.409% | $1,150.72 | $2,109.58 |
| 8/1/2017 | $312,232.59 | 4.409% | $1,147.19 | $2,109.58 |
| 9/1/2017 | $311,270.20 | 4.409% | $1,143.66 | $2,109.58 |
| 10/1/2017 | $310,304.28 | 4.409% | $1,140.11 | $2,109.58 |
| 11/1/2017 | $309,334.81 | 4.409% | $1,136.55 | $2,109.58 |
| 12/1/2017 | $308,361.78 | 4.409% | $1,132.97 | $2,109.58 |
| 1/1/2018 | $307,385.17 | 4.409% | $1,129.38 | $2,109.58 |
| 2/1/2018 | $306,404.97 | 4.409% | $1,125.78 | $2,109.58 |
| 3/1/2018 | $305,421.17 | 4.409% | $1,122.17 | $2,109.58 |
| 4/1/2018 | $304,433.76 | 4.409% | $1,118.54 | $2,109.58 |
| 5/1/2018 | $303,442.72 | 4.409% | $1,114.90 | $2,109.58 |
| 6/1/2018 | $302,448.04 | 4.409% | $1,111.24 | $2,109.58 |
| 7/1/2018 | $301,449.70 | 4.409% | $1,107.58 | $2,109.58 |
| 8/1/2018 | $300,447.70 | 4.409% | $1,103.89 | $2,109.58 |
| 9/1/2018 | $299,442.01 | 4.409% | $1,100.20 | $2,109.58 |
| 10/1/2018 | $298,432.63 | 4.409% | $1,096.49 | $2,109.58 |
| 11/1/2018 | $297,419.54 | 4.409% | $1,092.77 | $2,109.58 |
| 12/1/2018 | $296,402.73 | 4.409% | $1,089.03 | $2,109.58 |
| 1/1/2019 | $295,382.18 | 4.409% | $1,085.28 | $2,109.58 |
| 2/1/2019 | $294,357.88 | 4.409% | $1,081.52 | $2,109.58 |
| 3/1/2019 | $293,329.82 | 4.409% | $1,077.74 | $2,109.58 |
| 4/1/2019 | $292,297.98 | 4.409% | $1,073.95 | $2,109.58 |
| 5/1/2019 | $291,262.35 | 4.409% | $1,070.15 | $2,109.58 |
| 6/1/2019 | $290,222.92 | 4.409% | $1,066.33 | $2,109.58 |
| 7/1/2019 | $289,179.67 | 4.409% | $1,062.49 | $2,109.58 |
| 8/1/2019 | $288,132.58 | 4.409% | $1,058.65 | $2,109.58 |

Exhibit A-4

| | | | | |
|---|---|---|---|---|
| 9/1/2019 | $287,081.65 | 4.409% | $1,054.79 | $2,109.58 |
| 10/1/2019 | $286,026.86 | 4.409% | $1,050.91 | $2,109.58 |
| 11/1/2019 | $284,968.19 | 4.409% | $1,047.02 | $2,109.58 |
| 12/1/2019 | $283,905.63 | 4.409% | $1,043.12 | $2,109.58 |
| 1/1/2020 | $282,839.17 | 4.409% | $1,039.20 | $2,109.58 |
| 2/1/2020 | $281,768.79 | 4.409% | $1,035.27 | $2,109.58 |
| 3/1/2020 | $280,694.48 | 4.409% | $1,031.32 | $2,109.58 |
| 4/1/2020 | $279,616.22 | 4.409% | $1,027.36 | $2,109.58 |
| 5/1/2020 | $278,534.00 | 4.409% | $1,023.38 | $2,109.58 |
| 6/1/2020 | $277,447.80 | 4.409% | $1,019.39 | $2,109.58 |
| 7/1/2020 | $276,357.61 | 4.409% | $1,015.38 | $2,109.58 |
| 8/1/2020 | $275,263.41 | 4.409% | $1,011.36 | $2,109.58 |
| 9/1/2020 | $274,165.19 | 4.409% | $1,007.33 | $2,109.58 |
| 10/1/2020 | $273,062.94 | 4.409% | $1,003.28 | $2,109.58 |
| 11/1/2020 | $271,956.64 | 4.409% | $999.21 | $2,109.58 |
| 12/1/2020 | $270,846.27 | 4.409% | $995.13 | $2,109.58 |
| 1/1/2021 | $269,731.82 | 4.409% | $991.04 | $2,109.58 |
| 2/1/2021 | $268,613.28 | 4.409% | $986.93 | $2,109.58 |
| 3/1/2021 | $267,490.63 | 4.409% | $982.81 | $2,109.58 |
| 4/1/2021 | $266,363.86 | 4.409% | $978.67 | $2,109.58 |
| 5/1/2021 | $265,232.95 | 4.409% | $974.51 | $2,109.58 |
| 6/1/2021 | $264,097.88 | 4.409% | $970.34 | $2,109.58 |
| 7/1/2021 | $262,958.64 | 4.409% | $966.15 | $2,109.58 |
| 8/1/2021 | $261,815.21 | 4.409% | $961.95 | $2,109.58 |
| 9/1/2021 | $260,667.58 | 4.409% | $957.74 | $2,109.58 |
| 10/1/2021 | $259,515.74 | 4.409% | $953.50 | $2,109.58 |
| 11/1/2021 | $258,359.66 | 4.409% | $949.26 | $2,109.58 |
| 12/1/2021 | $257,199.34 | 4.409% | $944.99 | $2,109.58 |
| 1/1/2022 | $256,034.75 | 4.409% | $940.71 | $2,109.58 |
| 2/1/2022 | $254,865.88 | 4.409% | $936.42 | $2,109.58 |
| 3/1/2022 | $253,692.72 | 4.409% | $932.11 | $2,109.58 |
| 4/1/2022 | $252,515.25 | 4.409% | $927.78 | $2,109.58 |
| 5/1/2022 | $251,333.45 | 4.409% | $923.44 | $2,109.58 |
| 6/1/2022 | $250,147.31 | 4.409% | $919.08 | $2,109.58 |
| 7/1/2022 | $248,956.81 | 4.409% | $914.71 | $2,109.58 |
| 8/1/2022 | $247,761.94 | 4.409% | $910.32 | $2,109.58 |
| 9/1/2022 | $246,562.68 | 4.409% | $905.91 | $2,109.58 |
| 10/1/2022 | $245,359.01 | 4.409% | $901.49 | $2,109.58 |
| 11/1/2022 | $244,150.92 | 4.409% | $897.05 | $2,109.58 |
| 12/1/2022 | $242,938.39 | 4.409% | $892.60 | $2,109.58 |
| 1/1/2023 | $241,721.41 | 4.409% | $888.12 | $2,109.58 |
| 2/1/2023 | $240,499.95 | 4.409% | $883.64 | $2,109.58 |
| 3/1/2023 | $239,274.01 | 4.409% | $879.13 | $2,109.58 |
| 4/1/2023 | $238,043.56 | 4.409% | $874.61 | $2,109.58 |
| 5/1/2023 | $236,808.59 | 4.409% | $870.07 | $2,109.58 |
| 6/1/2023 | $235,569.08 | 4.409% | $865.52 | $2,109.58 |

Exhibit A-5

| | | | | |
|---|---|---|---|---|
| 7/1/2023 | $234,325.02 | 4.409% | $860.95 | $2,109.58 |
| 8/1/2023 | $233,076.39 | 4.409% | $856.36 | $2,109.58 |
| 9/1/2023 | $231,823.17 | 4.409% | $851.76 | $2,109.58 |
| 10/1/2023 | $230,565.35 | 4.409% | $847.14 | $2,109.58 |
| 11/1/2023 | $229,302.91 | 4.409% | $842.50 | $2,109.58 |
| 12/1/2023 | $228,035.83 | 4.409% | $837.84 | $2,109.58 |
| 1/1/2024 | $226,764.09 | 4.409% | $833.17 | $2,109.58 |
| 2/1/2024 | $225,487.68 | 4.409% | $828.48 | $2,109.58 |
| 3/1/2024 | $224,206.58 | 4.409% | $823.77 | $2,109.58 |
| 4/1/2024 | $222,920.77 | 4.409% | $819.05 | $2,109.58 |
| 5/1/2024 | $221,630.24 | 4.409% | $814.31 | $2,109.58 |
| 6/1/2024 | $220,334.97 | 4.409% | $809.55 | $2,109.58 |
| 7/1/2024 | $219,034.94 | 4.409% | $804.77 | $2,109.58 |
| 8/1/2024 | $217,730.13 | 4.409% | $799.98 | $2,109.58 |
| 9/1/2024 | $216,420.53 | 4.409% | $795.17 | $2,109.58 |
| 10/1/2024 | $215,106.12 | 4.409% | $790.34 | $2,109.58 |
| 11/1/2024 | $213,786.88 | 4.409% | $785.49 | $2,109.58 |
| 12/1/2024 | $212,462.79 | 4.409% | $780.62 | $2,109.58 |
| 1/1/2025 | $211,133.83 | 4.409% | $775.74 | $2,109.58 |
| 2/1/2025 | $209,799.99 | 4.409% | $770.84 | $2,109.58 |
| 3/1/2025 | $208,461.25 | 4.409% | $765.92 | $2,109.58 |
| 4/1/2025 | $207,117.59 | 4.409% | $760.98 | $2,109.58 |
| 5/1/2025 | $205,768.99 | 4.409% | $756.03 | $2,109.58 |
| 6/1/2025 | $204,415.44 | 4.409% | $751.06 | $2,109.58 |
| 7/1/2025 | $203,056.92 | 4.409% | $746.06 | $2,109.58 |
| 8/1/2025 | $201,693.40 | 4.409% | $741.06 | $2,109.58 |
| 9/1/2025 | $200,324.88 | 4.409% | $736.03 | $2,109.58 |
| 10/1/2025 | $198,951.33 | 4.409% | $730.98 | $2,109.58 |
| 11/1/2025 | $197,572.73 | 4.409% | $725.92 | $2,109.58 |
| 12/1/2025 | $196,189.07 | 4.409% | $720.83 | $2,109.58 |
| 1/1/2026 | $194,800.32 | 4.409% | $715.73 | $2,109.58 |
| 2/1/2026 | $193,406.47 | 4.409% | $710.61 | $2,109.58 |
| 3/1/2026 | $192,007.50 | 4.409% | $705.47 | $2,109.58 |
| 4/1/2026 | $190,603.39 | 4.409% | $700.31 | $2,109.58 |
| 5/1/2026 | $189,194.12 | 4.409% | $695.13 | $2,109.58 |
| 6/1/2026 | $187,779.67 | 4.409% | $689.93 | $2,109.58 |
| 7/1/2026 | $186,360.02 | 4.409% | $684.72 | $2,109.58 |
| 8/1/2026 | $184,935.16 | 4.409% | $679.48 | $2,109.58 |
| 9/1/2026 | $183,505.06 | 4.409% | $674.23 | $2,109.58 |
| 10/1/2026 | $182,069.71 | 4.409% | $668.95 | $2,109.58 |
| 11/1/2026 | $180,629.08 | 4.409% | $663.66 | $2,109.58 |
| 12/1/2026 | $179,183.16 | 4.409% | $658.35 | $2,109.58 |
| 1/1/2027 | $177,731.93 | 4.409% | $653.02 | $2,109.58 |
| 2/1/2027 | $176,275.37 | 4.409% | $647.67 | $2,109.58 |
| 3/1/2027 | $174,813.46 | 4.409% | $642.29 | $2,109.58 |
| 4/1/2027 | $173,346.17 | 4.409% | $636.90 | $2,109.58 |

Exhibit A-6

| | | | | |
|---|---|---|---|---|
| 5/1/2027 | $171,873.49 | 4.409% | $631.49 | $2,109.58 |
| 6/1/2027 | $170,395.40 | 4.409% | $626.06 | $2,109.58 |
| 7/1/2027 | $168,911.88 | 4.409% | $620.61 | $2,109.58 |
| 8/1/2027 | $167,422.91 | 4.409% | $615.14 | $2,109.58 |
| 9/1/2027 | $165,928.47 | 4.409% | $609.65 | $2,109.58 |
| 10/1/2027 | $164,428.54 | 4.409% | $604.14 | $2,109.58 |
| 11/1/2027 | $162,923.10 | 4.409% | $598.61 | $2,109.58 |
| 12/1/2027 | $161,412.13 | 4.409% | $593.06 | $2,109.58 |
| 1/1/2028 | $159,895.61 | 4.409% | $587.48 | $2,109.58 |
| 2/1/2028 | $158,373.51 | 4.409% | $581.89 | $2,109.58 |
| 3/1/2028 | $156,845.82 | 4.409% | $576.28 | $2,109.58 |
| 4/1/2028 | $155,312.52 | 4.409% | $570.64 | $2,109.58 |
| 5/1/2028 | $153,773.58 | 4.409% | $564.99 | $2,109.58 |
| 6/1/2028 | $152,228.99 | 4.409% | $559.31 | $2,109.58 |
| 7/1/2028 | $150,678.72 | 4.409% | $553.62 | $2,109.58 |
| 8/1/2028 | $149,122.76 | 4.409% | $547.90 | $2,109.58 |
| 9/1/2028 | $147,561.08 | 4.409% | $542.16 | $2,109.58 |
| 10/1/2028 | $145,993.66 | 4.409% | $536.41 | $2,109.58 |
| 11/1/2028 | $144,420.49 | 4.409% | $530.62 | $2,109.58 |
| 12/1/2028 | $142,841.53 | 4.409% | $524.82 | $2,109.58 |
| 1/1/2029 | $141,256.77 | 4.409% | $519.00 | $2,109.58 |
| 2/1/2029 | $139,666.19 | 4.409% | $513.16 | $2,109.58 |
| 3/1/2029 | $138,069.77 | 4.409% | $507.29 | $2,109.58 |
| 4/1/2029 | $136,467.48 | 4.409% | $501.40 | $2,109.58 |
| 5/1/2029 | $134,859.30 | 4.409% | $495.50 | $2,109.58 |
| 6/1/2029 | $133,245.22 | 4.409% | $489.57 | $2,109.58 |
| 7/1/2029 | $131,625.21 | 4.409% | $483.61 | $2,109.58 |
| 8/1/2029 | $129,999.24 | 4.409% | $477.64 | $2,109.58 |
| 9/1/2029 | $128,367.30 | 4.409% | $471.64 | $2,109.58 |
| 10/1/2029 | $126,729.36 | 4.409% | $465.62 | $2,109.58 |
| 11/1/2029 | $125,085.40 | 4.409% | $459.58 | $2,109.58 |
| 12/1/2029 | $123,435.40 | 4.409% | $453.52 | $2,109.58 |
| 1/1/2030 | $121,779.34 | 4.409% | $447.44 | $2,109.58 |
| 2/1/2030 | $120,117.20 | 4.409% | $441.33 | $2,109.58 |
| 3/1/2030 | $118,448.95 | 4.409% | $435.20 | $2,109.58 |
| 4/1/2030 | $116,774.57 | 4.409% | $429.05 | $2,109.58 |
| 5/1/2030 | $115,094.04 | 4.409% | $422.87 | $2,109.58 |
| 6/1/2030 | $113,407.33 | 4.409% | $416.68 | $2,109.58 |
| 7/1/2030 | $111,714.43 | 4.409% | $410.46 | $2,109.58 |
| 8/1/2030 | $110,015.31 | 4.409% | $404.21 | $2,109.58 |
| 9/1/2030 | $108,309.94 | 4.409% | $397.95 | $2,109.58 |
| 10/1/2030 | $106,598.31 | 4.409% | $391.66 | $2,109.58 |
| 11/1/2030 | $104,880.39 | 4.409% | $385.35 | $2,109.58 |
| 12/1/2030 | $103,156.16 | 4.409% | $379.01 | $2,109.58 |
| 1/1/2031 | $101,425.59 | 4.409% | $372.65 | $2,109.58 |
| 2/1/2031 | $99,688.66 | 4.409% | $366.27 | $2,109.58 |

Exhibit A-7

| | | | | |
|---|---|---|---|---|
| 3/1/2031 | $97,945.35 | 4.409% | $359.87 | $2,109.58 |
| 4/1/2031 | $96,195.64 | 4.409% | $353.44 | $2,109.58 |
| 5/1/2031 | $94,439.50 | 4.409% | $346.99 | $2,109.58 |
| 6/1/2031 | $92,676.91 | 4.409% | $340.51 | $2,109.58 |
| 7/1/2031 | $90,907.84 | 4.409% | $334.01 | $2,109.58 |
| 8/1/2031 | $89,132.27 | 4.409% | $327.49 | $2,109.58 |
| 9/1/2031 | $87,350.18 | 4.409% | $320.94 | $2,109.58 |
| 10/1/2031 | $85,561.54 | 4.409% | $314.37 | $2,109.58 |
| 11/1/2031 | $83,766.33 | 4.409% | $307.77 | $2,109.58 |
| 12/1/2031 | $81,964.52 | 4.409% | $301.15 | $2,109.58 |
| 1/1/2032 | $80,156.09 | 4.409% | $294.51 | $2,109.58 |
| 2/1/2032 | $78,341.02 | 4.409% | $287.84 | $2,109.58 |
| 3/1/2032 | $76,519.28 | 4.409% | $281.14 | $2,109.58 |
| 4/1/2032 | $74,690.84 | 4.409% | $274.43 | $2,109.58 |
| 5/1/2032 | $72,855.69 | 4.409% | $267.68 | $2,109.58 |
| 6/1/2032 | $71,013.79 | 4.409% | $260.92 | $2,109.58 |
| 7/1/2032 | $69,165.13 | 4.409% | $254.12 | $2,109.58 |
| 8/1/2032 | $67,309.67 | 4.409% | $247.31 | $2,109.58 |
| 9/1/2032 | $65,447.40 | 4.409% | $240.46 | $2,109.58 |
| 10/1/2032 | $63,578.28 | 4.409% | $233.60 | $2,109.58 |
| 11/1/2032 | $61,702.30 | 4.409% | $226.70 | $2,109.58 |
| 12/1/2032 | $59,819.42 | 4.409% | $219.79 | $2,109.58 |
| 1/1/2033 | $57,929.63 | 4.409% | $212.84 | $2,109.58 |
| 2/1/2033 | $56,032.89 | 4.409% | $205.87 | $2,109.58 |
| 3/1/2033 | $54,129.18 | 4.409% | $198.88 | $2,109.58 |
| 4/1/2033 | $52,218.48 | 4.409% | $191.86 | $2,109.58 |
| 5/1/2033 | $50,300.76 | 4.409% | $184.81 | $2,109.58 |
| 6/1/2033 | $48,375.99 | 4.409% | $177.74 | $2,109.58 |
| 7/1/2033 | $46,444.15 | 4.409% | $170.64 | $2,109.58 |
| 8/1/2033 | $44,505.21 | 4.409% | $163.52 | $2,109.58 |
| 9/1/2033 | $42,559.15 | 4.409% | $156.37 | $2,109.58 |
| 10/1/2033 | $40,605.94 | 4.409% | $149.19 | $2,109.58 |
| 11/1/2033 | $38,645.55 | 4.409% | $141.99 | $2,109.58 |
| 12/1/2033 | $36,677.96 | 4.409% | $134.76 | $2,109.58 |
| 1/1/2034 | $34,703.14 | 4.409% | $127.51 | $2,109.58 |
| 2/1/2034 | $32,721.07 | 4.409% | $120.22 | $2,109.58 |
| 3/1/2034 | $30,731.71 | 4.409% | $112.91 | $2,109.58 |
| 4/1/2034 | $28,735.04 | 4.409% | $105.58 | $2,109.58 |
| 5/1/2034 | $26,731.04 | 4.409% | $98.21 | $2,109.58 |
| 6/1/2034 | $24,719.67 | 4.409% | $90.82 | $2,109.58 |
| 7/1/2034 | $22,700.91 | 4.409% | $83.41 | $2,109.58 |
| 8/1/2034 | $20,674.74 | 4.409% | $75.96 | $2,109.58 |
| 9/1/2034 | $18,641.12 | 4.409% | $68.49 | $2,109.58 |
| 10/1/2034 | $16,600.03 | 4.409% | $60.99 | $2,109.58 |
| 11/1/2034 | $14,551.44 | 4.409% | $53.46 | $2,109.58 |
| 12/1/2034 | $12,495.32 | 4.409% | $45.91 | $2,109.58 |

Exhibit A-8

| | | | | |
|---|---|---|---|---|
| 1/1/2035 | $10,431.65 | 4.409% | $38.33 | $2,109.58 |
| 2/1/2035 | $8,360.40 | 4.409% | $30.72 | $2,109.58 |
| 3/1/2035 | $6,281.54 | 4.409% | $23.08 | $2,109.58 |
| 4/1/2035 | $4,195.04 | 4.409% | $15.41 | $2,109.58 |
| 5/1/2035 | $2,100.87 | 4.409% | $7.72 | $2,109.58 |
| | (0.99) | | | $723,367.80 |

Exhibit A-9

EXHIBIT D

**Exhibit B**

The following reflects a composite APR of 8.5116%, an amount financed of $992,540.20 and the payment schedule set forth in Jones-Boyle's Disclosure Statement. (All dollar amounts have been rounded to the nearest $.01.)

Total of Payments:    $3,055,343.51
Amount Financed:    -$992,540.20
Finance Charge:    $2,062,803.31

| Payment Date | Unpaid Principal | APR | Accrued Interest | Payment |
|---|---|---|---|---|
| 8/1/2007 | $992,540.20 | 8.5116% | $7,040.09 | $3,379.69 |
| 9/1/2007 | $996,200.60 | 8.5116% | $7,066.05 | $3,379.69 |
| 10/1/2007 | $999,886.96 | 8.5116% | $7,092.20 | $3,379.69 |
| 11/1/2007 | $1,003,599.47 | 8.5116% | $7,118.53 | $3,379.69 |
| 12/1/2007 | $1,007,338.31 | 8.5116% | $7,145.05 | $3,379.69 |
| 1/1/2008 | $1,011,103.67 | 8.5116% | $7,171.76 | $3,379.69 |
| 2/1/2008 | $1,014,895.74 | 8.5116% | $7,198.66 | $3,379.69 |
| 3/1/2008 | $1,018,714.71 | 8.5116% | $7,225.74 | $3,379.69 |
| 4/1/2008 | $1,022,560.76 | 8.5116% | $7,253.02 | $3,379.69 |
| 5/1/2008 | $1,026,434.09 | 8.5116% | $7,280.50 | $3,379.69 |
| 6/1/2008 | $1,030,334.90 | 8.5116% | $7,308.17 | $3,379.69 |
| 7/1/2008 | $1,034,263.38 | 8.5116% | $7,336.03 | $3,379.69 |
| 8/1/2008 | $1,038,219.72 | 8.5116% | $7,364.09 | $3,633.16 |
| 9/1/2008 | $1,041,950.65 | 8.5116% | $7,390.56 | $3,633.16 |
| 10/1/2008 | $1,045,708.05 | 8.5116% | $7,417.21 | $3,633.16 |
| 11/1/2008 | $1,049,492.10 | 8.5116% | $7,444.05 | $3,633.16 |
| 12/1/2008 | $1,053,302.99 | 8.5116% | $7,471.08 | $3,633.16 |
| 1/1/2009 | $1,057,140.91 | 8.5116% | $7,498.30 | $3,633.16 |
| 2/1/2009 | $1,061,006.05 | 8.5116% | $7,525.72 | $3,633.16 |
| 3/1/2009 | $1,064,898.61 | 8.5116% | $7,553.33 | $3,633.16 |
| 4/1/2009 | $1,068,818.78 | 8.5116% | $7,581.13 | $3,633.16 |
| 5/1/2009 | $1,072,766.75 | 8.5116% | $7,609.13 | $3,633.16 |
| 6/1/2009 | $1,076,742.72 | 8.5116% | $7,637.34 | $3,633.16 |
| 7/1/2009 | $1,080,746.90 | 8.5116% | $7,665.74 | $3,633.16 |
| 8/1/2009 | $1,084,779.48 | 8.5116% | $7,694.34 | $3,905.65 |
| 9/1/2009 | $1,088,568.17 | 8.5116% | $7,721.21 | $3,905.65 |
| 10/1/2009 | $1,092,383.73 | 8.5116% | $7,748.28 | $3,905.65 |
| 11/1/2009 | $1,096,226.36 | 8.5116% | $7,775.53 | $3,905.65 |
| 12/1/2009 | $1,100,096.24 | 8.5116% | $7,802.98 | $3,905.65 |
| 1/1/2010 | $1,103,993.57 | 8.5116% | $7,830.63 | $3,905.65 |
| 2/1/2010 | $1,107,918.55 | 8.5116% | $7,858.47 | $3,905.65 |
| 3/1/2010 | $1,111,871.37 | 8.5116% | $7,886.50 | $3,905.65 |
| 4/1/2010 | $1,115,852.22 | 8.5116% | $7,914.74 | $3,905.65 |

Exhibit B-1

| | | | | |
|---|---|---|---|---|
| 5/1/2010 | $1,119,861.31 | 8.5116% | $7,943.18 | $3,905.65 |
| 6/1/2010 | $1,123,898.84 | 8.5116% | $7,971.81 | $3,905.65 |
| 7/1/2010 | $1,127,965.00 | 8.5116% | $8,000.66 | $3,905.65 |
| 8/1/2010 | $1,132,060.01 | 8.5116% | $8,029.70 | $4,198.57 |
| 9/1/2010 | $1,135,891.14 | 8.5116% | $8,056.88 | $4,198.57 |
| 10/1/2010 | $1,139,749.45 | 8.5116% | $8,084.24 | $4,198.57 |
| 11/1/2010 | $1,143,635.12 | 8.5116% | $8,111.80 | $4,198.57 |
| 12/1/2010 | $1,147,548.35 | 8.5116% | $8,139.56 | $9,086.04 |
| 1/1/2011 | $1,146,601.87 | 8.5116% | $8,132.85 | $9,086.04 |
| 2/1/2011 | $1,145,648.68 | 8.5116% | $8,126.09 | $9,086.04 |
| 3/1/2011 | $1,144,688.73 | 8.5116% | $8,119.28 | $9,086.04 |
| 4/1/2011 | $1,143,721.97 | 8.5116% | $8,112.42 | $9,086.04 |
| 5/1/2011 | $1,142,748.35 | 8.5116% | $8,105.51 | $9,086.04 |
| 6/1/2011 | $1,141,767.82 | 8.5116% | $8,098.56 | $9,086.04 |
| 7/1/2011 | $1,140,780.34 | 8.5116% | $8,091.55 | $9,086.04 |
| 8/1/2011 | $1,139,785.85 | 8.5116% | $8,084.50 | $9,086.04 |
| 9/1/2011 | $1,138,784.31 | 8.5116% | $8,077.40 | $9,086.04 |
| 10/1/2011 | $1,137,775.67 | 8.5116% | $8,070.24 | $9,086.04 |
| 11/1/2011 | $1,136,759.87 | 8.5116% | $8,063.04 | $9,086.04 |
| 12/1/2011 | $1,135,736.87 | 8.5116% | $8,055.78 | $9,086.04 |
| 1/1/2012 | $1,134,706.61 | 8.5116% | $8,048.47 | $9,086.04 |
| 2/1/2012 | $1,133,669.04 | 8.5116% | $8,041.11 | $9,086.04 |
| 3/1/2012 | $1,132,624.11 | 8.5116% | $8,033.70 | $9,086.04 |
| 4/1/2012 | $1,131,571.77 | 8.5116% | $8,026.24 | $9,086.04 |
| 5/1/2012 | $1,130,511.97 | 8.5116% | $8,018.72 | $9,086.04 |
| 6/1/2012 | $1,129,444.65 | 8.5116% | $8,011.15 | $9,086.04 |
| 7/1/2012 | $1,128,369.76 | 8.5116% | $8,003.53 | $9,086.04 |
| 8/1/2012 | $1,127,287.25 | 8.5116% | $7,995.85 | $9,086.04 |
| 9/1/2012 | $1,126,197.06 | 8.5116% | $7,988.12 | $9,086.04 |
| 10/1/2012 | $1,125,099.14 | 8.5116% | $7,980.33 | $9,086.04 |
| 11/1/2012 | $1,123,993.43 | 8.5116% | $7,972.49 | $9,086.04 |
| 12/1/2012 | $1,122,879.88 | 8.5116% | $7,964.59 | $9,086.04 |
| 1/1/2013 | $1,121,758.43 | 8.5116% | $7,956.63 | $9,086.04 |
| 2/1/2013 | $1,120,629.02 | 8.5116% | $7,948.62 | $9,086.04 |
| 3/1/2013 | $1,119,491.60 | 8.5116% | $7,940.55 | $9,086.04 |
| 4/1/2013 | $1,118,346.11 | 8.5116% | $7,932.43 | $9,086.04 |
| 5/1/2013 | $1,117,192.50 | 8.5116% | $7,924.25 | $9,086.04 |
| 6/1/2013 | $1,116,030.71 | 8.5116% | $7,916.01 | $9,086.04 |
| 7/1/2013 | $1,114,860.68 | 8.5116% | $7,907.71 | $9,086.04 |
| 8/1/2013 | $1,113,682.35 | 8.5116% | $7,899.35 | $9,086.04 |
| 9/1/2013 | $1,112,495.66 | 8.5116% | $7,890.93 | $9,086.04 |
| 10/1/2013 | $1,111,300.55 | 8.5116% | $7,882.45 | $9,086.04 |
| 11/1/2013 | $1,110,096.96 | 8.5116% | $7,873.92 | $9,086.04 |
| 12/1/2013 | $1,108,884.84 | 8.5116% | $7,865.32 | $9,086.04 |
| 1/1/2014 | $1,107,664.12 | 8.5116% | $7,856.66 | $9,086.04 |
| 2/1/2014 | $1,106,434.74 | 8.5116% | $7,847.94 | $9,086.04 |

Exhibit B-2

| | | | | |
|---|---|---|---|---|
| 3/1/2014 | $1,105,196.64 | 8.5116% | $7,839.16 | $9,086.04 |
| 4/1/2014 | $1,103,949.76 | 8.5116% | $7,830.32 | $9,086.04 |
| 5/1/2014 | $1,102,694.04 | 8.5116% | $7,821.41 | $9,086.04 |
| 6/1/2014 | $1,101,429.41 | 8.5116% | $7,812.44 | $9,086.04 |
| 7/1/2014 | $1,100,155.81 | 8.5116% | $7,803.41 | $9,086.04 |
| 8/1/2014 | $1,098,873.18 | 8.5116% | $7,794.31 | $9,086.04 |
| 9/1/2014 | $1,097,581.45 | 8.5116% | $7,785.15 | $9,086.04 |
| 10/1/2014 | $1,096,280.56 | 8.5116% | $7,775.92 | $9,086.04 |
| 11/1/2014 | $1,094,970.44 | 8.5116% | $7,766.63 | $9,086.04 |
| 12/1/2014 | $1,093,651.03 | 8.5116% | $7,757.27 | $9,086.04 |
| 1/1/2015 | $1,092,322.26 | 8.5116% | $7,747.84 | $9,086.04 |
| 2/1/2015 | $1,090,984.06 | 8.5116% | $7,738.35 | $9,086.04 |
| 3/1/2015 | $1,089,636.37 | 8.5116% | $7,728.79 | $9,086.04 |
| 4/1/2015 | $1,088,279.12 | 8.5116% | $7,719.16 | $9,086.04 |
| 5/1/2015 | $1,086,912.24 | 8.5116% | $7,709.47 | $9,086.04 |
| 6/1/2015 | $1,085,535.67 | 8.5116% | $7,699.70 | $9,086.04 |
| 7/1/2015 | $1,084,149.33 | 8.5116% | $7,689.87 | $9,086.04 |
| 8/1/2015 | $1,082,753.16 | 8.5116% | $7,679.97 | $9,086.04 |
| 9/1/2015 | $1,081,347.09 | 8.5116% | $7,669.99 | $9,086.04 |
| 10/1/2015 | $1,079,931.04 | 8.5116% | $7,659.95 | $9,086.04 |
| 11/1/2015 | $1,078,504.95 | 8.5116% | $7,649.84 | $9,086.04 |
| 12/1/2015 | $1,077,068.75 | 8.5116% | $7,639.65 | $9,086.04 |
| 1/1/2016 | $1,075,622.36 | 8.5116% | $7,629.39 | $9,086.04 |
| 2/1/2016 | $1,074,165.71 | 8.5116% | $7,619.06 | $9,086.04 |
| 3/1/2016 | $1,072,698.73 | 8.5116% | $7,608.65 | $9,086.04 |
| 4/1/2016 | $1,071,221.34 | 8.5116% | $7,598.17 | $9,086.04 |
| 5/1/2016 | $1,069,733.47 | 8.5116% | $7,587.62 | $9,086.04 |
| 6/1/2016 | $1,068,235.05 | 8.5116% | $7,576.99 | $9,086.04 |
| 7/1/2016 | $1,066,726.00 | 8.5116% | $7,566.29 | $9,086.04 |
| 8/1/2016 | $1,065,206.25 | 8.5116% | $7,555.51 | $9,086.04 |
| 9/1/2016 | $1,063,675.72 | 8.5116% | $7,544.65 | $9,086.04 |
| 10/1/2016 | $1,062,134.33 | 8.5116% | $7,533.72 | $9,086.04 |
| 11/1/2016 | $1,060,582.01 | 8.5116% | $7,522.71 | $9,086.04 |
| 12/1/2016 | $1,059,018.68 | 8.5116% | $7,511.62 | $9,086.04 |
| 1/1/2017 | $1,057,444.26 | 8.5116% | $7,500.45 | $9,086.04 |
| 2/1/2017 | $1,055,858.67 | 8.5116% | $7,489.21 | $9,086.04 |
| 3/1/2017 | $1,054,261.84 | 8.5116% | $7,477.88 | $9,086.04 |
| 4/1/2017 | $1,052,653.68 | 8.5116% | $7,466.47 | $9,086.04 |
| 5/1/2017 | $1,051,034.11 | 8.5116% | $7,454.98 | $9,086.04 |
| 6/1/2017 | $1,049,403.05 | 8.5116% | $7,443.42 | $9,086.04 |
| 7/1/2017 | $1,047,760.43 | 8.5116% | $7,431.76 | $9,086.04 |
| 8/1/2017 | $1,046,106.15 | 8.5116% | $7,420.03 | $9,086.04 |
| 9/1/2017 | $1,044,440.14 | 8.5116% | $7,408.21 | $9,086.04 |
| 10/1/2017 | $1,042,762.31 | 8.5116% | $7,396.31 | $9,086.04 |
| 11/1/2017 | $1,041,072.58 | 8.5116% | $7,384.33 | $9,086.04 |
| 12/1/2017 | $1,039,370.87 | 8.5116% | $7,372.26 | $9,086.04 |

Exhibit B-3

| | | | | |
|---|---|---|---|---|
| 1/1/2018 | $1,037,657.09 | 8.5116% | $7,360.10 | $9,086.04 |
| 2/1/2018 | $1,035,931.15 | 8.5116% | $7,347.86 | $9,086.04 |
| 3/1/2018 | $1,034,192.97 | 8.5116% | $7,335.53 | $9,086.04 |
| 4/1/2018 | $1,032,442.46 | 8.5116% | $7,323.11 | $9,086.04 |
| 5/1/2018 | $1,030,679.53 | 8.5116% | $7,310.61 | $9,086.04 |
| 6/1/2018 | $1,028,904.10 | 8.5116% | $7,298.02 | $9,086.04 |
| 7/1/2018 | $1,027,116.08 | 8.5116% | $7,285.33 | $9,086.04 |
| 8/1/2018 | $1,025,315.37 | 8.5116% | $7,272.56 | $9,086.04 |
| 9/1/2018 | $1,023,501.89 | 8.5116% | $7,259.70 | $9,086.04 |
| 10/1/2018 | $1,021,675.55 | 8.5116% | $7,246.74 | $9,086.04 |
| 11/1/2018 | $1,019,836.25 | 8.5116% | $7,233.70 | $9,086.04 |
| 12/1/2018 | $1,017,983.91 | 8.5116% | $7,220.56 | $9,086.04 |
| 1/1/2019 | $1,016,118.43 | 8.5116% | $7,207.33 | $9,086.04 |
| 2/1/2019 | $1,014,239.72 | 8.5116% | $7,194.00 | $9,086.04 |
| 3/1/2019 | $1,012,347.68 | 8.5116% | $7,180.58 | $9,086.04 |
| 4/1/2019 | $1,010,442.22 | 8.5116% | $7,167.07 | $9,086.04 |
| 5/1/2019 | $1,008,523.25 | 8.5116% | $7,153.46 | $9,086.04 |
| 6/1/2019 | $1,006,590.67 | 8.5116% | $7,139.75 | $9,086.04 |
| 7/1/2019 | $1,004,644.38 | 8.5116% | $7,125.94 | $9,086.04 |
| 8/1/2019 | $1,002,684.28 | 8.5116% | $7,112.04 | $9,086.04 |
| 9/1/2019 | $1,000,710.28 | 8.5116% | $7,098.04 | $9,086.04 |
| 10/1/2019 | $998,722.28 | 8.5116% | $7,083.94 | $9,086.04 |
| 11/1/2019 | $996,720.18 | 8.5116% | $7,069.74 | $9,086.04 |
| 12/1/2019 | $994,703.88 | 8.5116% | $7,055.43 | $9,086.04 |
| 1/1/2020 | $992,673.27 | 8.5116% | $7,041.03 | $9,086.04 |
| 2/1/2020 | $990,628.26 | 8.5116% | $7,026.53 | $9,086.04 |
| 3/1/2020 | $988,568.75 | 8.5116% | $7,011.92 | $9,086.04 |
| 4/1/2020 | $986,494.63 | 8.5116% | $6,997.21 | $9,086.04 |
| 5/1/2020 | $984,405.80 | 8.5116% | $6,982.39 | $9,086.04 |
| 6/1/2020 | $982,302.15 | 8.5116% | $6,967.47 | $9,086.04 |
| 7/1/2020 | $980,183.58 | 8.5116% | $6,952.44 | $9,086.04 |
| 8/1/2020 | $978,049.98 | 8.5116% | $6,937.31 | $9,086.04 |
| 9/1/2020 | $975,901.25 | 8.5116% | $6,922.07 | $9,086.04 |
| 10/1/2020 | $973,737.28 | 8.5116% | $6,906.72 | $9,086.04 |
| 11/1/2020 | $971,557.96 | 8.5116% | $6,891.26 | $9,086.04 |
| 12/1/2020 | $969,363.18 | 8.5116% | $6,875.69 | $9,086.04 |
| 1/1/2021 | $967,152.83 | 8.5116% | $6,860.02 | $9,086.04 |
| 2/1/2021 | $964,926.81 | 8.5116% | $6,844.23 | $9,086.04 |
| 3/1/2021 | $962,685.00 | 8.5116% | $6,828.32 | $9,086.04 |
| 4/1/2021 | $960,427.28 | 8.5116% | $6,812.31 | $9,086.04 |
| 5/1/2021 | $958,153.55 | 8.5116% | $6,796.18 | $9,086.04 |
| 6/1/2021 | $955,863.69 | 8.5116% | $6,779.94 | $9,086.04 |
| 7/1/2021 | $953,557.59 | 8.5116% | $6,763.58 | $9,086.04 |
| 8/1/2021 | $951,235.13 | 8.5116% | $6,747.11 | $9,086.04 |
| 9/1/2021 | $948,896.20 | 8.5116% | $6,730.52 | $9,086.04 |
| 10/1/2021 | $946,540.68 | 8.5116% | $6,713.81 | $9,086.04 |

Exhibit B-4

| | | | | |
|---|---|---|---|---|
| 11/1/2021 | $944,168.45 | 8.5116% | $6,696.99 | $9,086.04 |
| 12/1/2021 | $941,779.40 | 8.5116% | $6,680.04 | $9,086.04 |
| 1/1/2022 | $939,373.40 | 8.5116% | $6,662.98 | $9,086.04 |
| 2/1/2022 | $936,950.34 | 8.5116% | $6,645.79 | $9,086.04 |
| 3/1/2022 | $934,510.09 | 8.5116% | $6,628.48 | $9,086.04 |
| 4/1/2022 | $932,052.53 | 8.5116% | $6,611.05 | $9,086.04 |
| 5/1/2022 | $929,577.54 | 8.5116% | $6,593.49 | $9,086.04 |
| 6/1/2022 | $927,084.99 | 8.5116% | $6,575.81 | $9,086.04 |
| 7/1/2022 | $924,574.76 | 8.5116% | $6,558.01 | $9,086.04 |
| 8/1/2022 | $922,046.73 | 8.5116% | $6,540.08 | $9,086.04 |
| 9/1/2022 | $919,500.77 | 8.5116% | $6,522.02 | $9,086.04 |
| 10/1/2022 | $916,936.75 | 8.5116% | $6,503.83 | $9,086.04 |
| 11/1/2022 | $914,354.54 | 8.5116% | $6,485.52 | $9,086.04 |
| 12/1/2022 | $911,754.02 | 8.5116% | $6,467.07 | $9,086.04 |
| 1/1/2023 | $909,135.05 | 8.5116% | $6,448.49 | $9,086.04 |
| 2/1/2023 | $906,497.50 | 8.5116% | $6,429.79 | $9,086.04 |
| 3/1/2023 | $903,841.25 | 8.5116% | $6,410.95 | $9,086.04 |
| 4/1/2023 | $901,166.16 | 8.5116% | $6,391.97 | $9,086.04 |
| 5/1/2023 | $898,472.09 | 8.5116% | $6,372.86 | $9,086.04 |
| 6/1/2023 | $895,758.91 | 8.5116% | $6,353.62 | $9,086.04 |
| 7/1/2023 | $893,026.49 | 8.5116% | $6,334.24 | $9,086.04 |
| 8/1/2023 | $890,274.69 | 8.5116% | $6,314.72 | $9,086.04 |
| 9/1/2023 | $887,503.37 | 8.5116% | $6,295.06 | $9,086.04 |
| 10/1/2023 | $884,712.39 | 8.5116% | $6,275.26 | $9,086.04 |
| 11/1/2023 | $881,901.61 | 8.5116% | $6,255.33 | $9,086.04 |
| 12/1/2023 | $879,070.90 | 8.5116% | $6,235.25 | $9,086.04 |
| 1/1/2024 | $876,220.11 | 8.5116% | $6,215.03 | $9,086.04 |
| 2/1/2024 | $873,349.10 | 8.5116% | $6,194.67 | $9,086.04 |
| 3/1/2024 | $870,457.73 | 8.5116% | $6,174.16 | $9,086.04 |
| 4/1/2024 | $867,545.85 | 8.5116% | $6,153.50 | $9,086.04 |
| 5/1/2024 | $864,613.31 | 8.5116% | $6,132.70 | $9,086.04 |
| 6/1/2024 | $861,659.97 | 8.5116% | $6,111.75 | $9,086.04 |
| 7/1/2024 | $858,685.68 | 8.5116% | $6,090.66 | $9,086.04 |
| 8/1/2024 | $855,690.30 | 8.5116% | $6,069.41 | $9,086.04 |
| 9/1/2024 | $852,673.67 | 8.5116% | $6,048.01 | $9,086.04 |
| 10/1/2024 | $849,635.64 | 8.5116% | $6,026.47 | $9,086.04 |
| 11/1/2024 | $846,576.07 | 8.5116% | $6,004.76 | $9,086.04 |
| 12/1/2024 | $843,494.79 | 8.5116% | $5,982.91 | $9,086.04 |
| 1/1/2025 | $840,391.66 | 8.5116% | $5,960.90 | $9,086.04 |
| 2/1/2025 | $837,266.52 | 8.5116% | $5,938.73 | $9,086.04 |
| 3/1/2025 | $834,119.21 | 8.5116% | $5,916.41 | $9,086.04 |
| 4/1/2025 | $830,949.58 | 8.5116% | $5,893.93 | $9,086.04 |
| 5/1/2025 | $827,757.47 | 8.5116% | $5,871.28 | $9,086.04 |
| 6/1/2025 | $824,542.71 | 8.5116% | $5,848.48 | $9,086.04 |
| 7/1/2025 | $821,305.15 | 8.5116% | $5,825.52 | $9,086.04 |
| 8/1/2025 | $818,044.63 | 8.5116% | $5,802.39 | $9,086.04 |

Exhibit B-5

| | | | | |
|---|---|---|---|---|
| 9/1/2025 | $814,760.98 | 8.5116% | $5,779.10 | $9,086.04 |
| 10/1/2025 | $811,454.04 | 8.5116% | $5,755.64 | $9,086.04 |
| 11/1/2025 | $808,123.64 | 8.5116% | $5,732.02 | $9,086.04 |
| 12/1/2025 | $804,769.62 | 8.5116% | $5,708.23 | $9,086.04 |
| 1/1/2026 | $801,391.81 | 8.5116% | $5,684.27 | $9,086.04 |
| 2/1/2026 | $797,990.04 | 8.5116% | $5,660.14 | $9,086.04 |
| 3/1/2026 | $794,564.14 | 8.5116% | $5,635.84 | $9,086.04 |
| 4/1/2026 | $791,113.94 | 8.5116% | $5,611.37 | $9,086.04 |
| 5/1/2026 | $787,639.27 | 8.5116% | $5,586.73 | $9,086.04 |
| 6/1/2026 | $784,139.96 | 8.5116% | $5,561.90 | $9,086.04 |
| 7/1/2026 | $780,615.82 | 8.5116% | $5,536.91 | $9,086.04 |
| 8/1/2026 | $777,066.69 | 8.5116% | $5,511.73 | $9,086.04 |
| 9/1/2026 | $773,492.38 | 8.5116% | $5,486.38 | $9,086.04 |
| 10/1/2026 | $769,892.72 | 8.5116% | $5,460.85 | $9,086.04 |
| 11/1/2026 | $766,267.53 | 8.5116% | $5,435.14 | $9,086.04 |
| 12/1/2026 | $762,616.63 | 8.5116% | $5,409.24 | $9,086.04 |
| 1/1/2027 | $758,939.83 | 8.5116% | $5,383.16 | $9,086.04 |
| 2/1/2027 | $755,236.95 | 8.5116% | $5,356.90 | $9,086.04 |
| 3/1/2027 | $751,507.81 | 8.5116% | $5,330.44 | $9,086.04 |
| 4/1/2027 | $747,752.21 | 8.5116% | $5,303.81 | $9,086.04 |
| 5/1/2027 | $743,969.98 | 8.5116% | $5,276.98 | $9,086.04 |
| 6/1/2027 | $740,160.92 | 8.5116% | $5,249.96 | $9,086.04 |
| 7/1/2027 | $736,324.84 | 8.5116% | $5,222.75 | $9,086.04 |
| 8/1/2027 | $732,461.55 | 8.5116% | $5,195.35 | $9,086.04 |
| 9/1/2027 | $728,570.86 | 8.5116% | $5,167.75 | $9,086.04 |
| 10/1/2027 | $724,652.57 | 8.5116% | $5,139.96 | $9,086.04 |
| 11/1/2027 | $720,706.49 | 8.5116% | $5,111.97 | $9,086.04 |
| 12/1/2027 | $716,732.42 | 8.5116% | $5,083.78 | $9,086.04 |
| 1/1/2028 | $712,730.16 | 8.5116% | $5,055.40 | $9,086.04 |
| 2/1/2028 | $708,699.52 | 8.5116% | $5,026.81 | $9,086.04 |
| 3/1/2028 | $704,640.29 | 8.5116% | $4,998.01 | $9,086.04 |
| 4/1/2028 | $700,552.26 | 8.5116% | $4,969.02 | $9,086.04 |
| 5/1/2028 | $696,435.24 | 8.5116% | $4,939.82 | $9,086.04 |
| 6/1/2028 | $692,289.02 | 8.5116% | $4,910.41 | $9,086.04 |
| 7/1/2028 | $688,113.39 | 8.5116% | $4,880.79 | $9,086.04 |
| 8/1/2028 | $683,908.14 | 8.5116% | $4,850.96 | $9,086.04 |
| 9/1/2028 | $679,673.06 | 8.5116% | $4,820.92 | $9,086.04 |
| 10/1/2028 | $675,407.94 | 8.5116% | $4,790.67 | $9,086.04 |
| 11/1/2028 | $671,112.57 | 8.5116% | $4,760.20 | $9,086.04 |
| 12/1/2028 | $666,786.73 | 8.5116% | $4,729.52 | $9,086.04 |
| 1/1/2029 | $662,430.21 | 8.5116% | $4,698.62 | $9,086.04 |
| 2/1/2029 | $658,042.79 | 8.5116% | $4,667.50 | $9,086.04 |
| 3/1/2029 | $653,624.25 | 8.5116% | $4,636.16 | $9,086.04 |
| 4/1/2029 | $649,174.37 | 8.5116% | $4,604.59 | $9,086.04 |
| 5/1/2029 | $644,692.92 | 8.5116% | $4,572.81 | $9,086.04 |
| 6/1/2029 | $640,179.69 | 8.5116% | $4,540.79 | $9,086.04 |

Exhibit B-6

| | | | | |
|---|---|---|---|---|
| 7/1/2029 | $635,634.44 | 8.5116% | $4,508.56 | $9,086.04 |
| 8/1/2029 | $631,056.96 | 8.5116% | $4,476.09 | $9,086.04 |
| 9/1/2029 | $626,447.01 | 8.5116% | $4,443.39 | $9,086.04 |
| 10/1/2029 | $621,804.36 | 8.5116% | $4,410.46 | $9,086.04 |
| 11/1/2029 | $617,128.78 | 8.5116% | $4,377.29 | $9,086.04 |
| 12/1/2029 | $612,420.03 | 8.5116% | $4,343.90 | $9,086.04 |
| 1/1/2030 | $607,677.89 | 8.5116% | $4,310.26 | $9,086.04 |
| 2/1/2030 | $602,902.11 | 8.5116% | $4,276.38 | $9,086.04 |
| 3/1/2030 | $598,092.45 | 8.5116% | $4,242.27 | $9,086.04 |
| 4/1/2030 | $593,248.68 | 8.5116% | $4,207.91 | $9,086.04 |
| 5/1/2030 | $588,370.55 | 8.5116% | $4,173.31 | $9,086.04 |
| 6/1/2030 | $583,457.82 | 8.5116% | $4,138.47 | $9,086.04 |
| 7/1/2030 | $578,510.25 | 8.5116% | $4,103.37 | $9,086.04 |
| 8/1/2030 | $573,527.58 | 8.5116% | $4,068.03 | $9,086.04 |
| 9/1/2030 | $568,509.57 | 8.5116% | $4,032.44 | $9,086.04 |
| 10/1/2030 | $563,455.97 | 8.5116% | $3,996.59 | $9,086.04 |
| 11/1/2030 | $558,366.52 | 8.5116% | $3,960.49 | $9,086.04 |
| 12/1/2030 | $553,240.97 | 8.5116% | $3,924.14 | $9,086.04 |
| 1/1/2031 | $548,079.07 | 8.5116% | $3,887.52 | $9,086.04 |
| 2/1/2031 | $542,880.55 | 8.5116% | $3,850.65 | $9,086.04 |
| 3/1/2031 | $537,645.16 | 8.5116% | $3,813.52 | $9,086.04 |
| 4/1/2031 | $532,372.64 | 8.5116% | $3,776.12 | $9,086.04 |
| 5/1/2031 | $527,062.72 | 8.5116% | $3,738.46 | $9,086.04 |
| 6/1/2031 | $521,715.14 | 8.5116% | $3,700.53 | $9,086.04 |
| 7/1/2031 | $516,329.63 | 8.5116% | $3,662.33 | $9,086.04 |
| 8/1/2031 | $510,905.92 | 8.5116% | $3,623.86 | $9,086.04 |
| 9/1/2031 | $505,443.74 | 8.5116% | $3,585.11 | $9,086.04 |
| 10/1/2031 | $499,942.81 | 8.5116% | $3,546.09 | $9,086.04 |
| 11/1/2031 | $494,402.86 | 8.5116% | $3,506.80 | $9,086.04 |
| 12/1/2031 | $488,823.62 | 8.5116% | $3,467.23 | $9,086.04 |
| 1/1/2032 | $483,204.81 | 8.5116% | $3,427.37 | $9,086.04 |
| 2/1/2032 | $477,546.14 | 8.5116% | $3,387.23 | $9,086.04 |
| 3/1/2032 | $471,847.33 | 8.5116% | $3,346.81 | $9,086.04 |
| 4/1/2032 | $466,108.10 | 8.5116% | $3,306.10 | $9,086.04 |
| 5/1/2032 | $460,328.16 | 8.5116% | $3,265.11 | $9,086.04 |
| 6/1/2032 | $454,507.23 | 8.5116% | $3,223.82 | $9,086.04 |
| 7/1/2032 | $448,645.01 | 8.5116% | $3,182.24 | $9,086.04 |
| 8/1/2032 | $442,741.21 | 8.5116% | $3,140.36 | $9,086.04 |
| 9/1/2032 | $436,795.53 | 8.5116% | $3,098.19 | $9,086.04 |
| 10/1/2032 | $430,807.68 | 8.5116% | $3,055.72 | $9,086.04 |
| 11/1/2032 | $424,777.36 | 8.5116% | $3,012.95 | $9,086.04 |
| 12/1/2032 | $418,704.27 | 8.5116% | $2,969.87 | $9,086.04 |
| 1/1/2033 | $412,588.10 | 8.5116% | $2,926.49 | $9,086.04 |
| 2/1/2033 | $406,428.55 | 8.5116% | $2,882.80 | $9,086.04 |
| 3/1/2033 | $400,225.31 | 8.5116% | $2,838.80 | $9,086.04 |
| 4/1/2033 | $393,978.07 | 8.5116% | $2,794.49 | $9,086.04 |

Exhibit B-7

| | | | | |
|---|---|---|---|---|
| 5/1/2033 | $387,686.52 | 8.5116% | $2,749.86 | $9,086.04 |
| 6/1/2033 | $381,350.34 | 8.5116% | $2,704.92 | $9,086.04 |
| 7/1/2033 | $374,969.22 | 8.5116% | $2,659.66 | $9,086.04 |
| 8/1/2033 | $368,542.84 | 8.5116% | $2,614.07 | $9,086.04 |
| 9/1/2033 | $362,070.87 | 8.5116% | $2,568.17 | $9,086.04 |
| 10/1/2033 | $355,553.00 | 8.5116% | $2,521.94 | $9,086.04 |
| 11/1/2033 | $348,988.90 | 8.5116% | $2,475.38 | $9,086.04 |
| 12/1/2033 | $342,378.24 | 8.5116% | $2,428.49 | $9,086.04 |
| 1/1/2034 | $335,720.69 | 8.5116% | $2,381.27 | $9,086.04 |
| 2/1/2034 | $329,015.92 | 8.5116% | $2,333.71 | $9,086.04 |
| 3/1/2034 | $322,263.59 | 8.5116% | $2,285.82 | $9,086.04 |
| 4/1/2034 | $315,463.37 | 8.5116% | $2,237.58 | $9,086.04 |
| 5/1/2034 | $308,614.91 | 8.5116% | $2,189.01 | $9,086.04 |
| 6/1/2034 | $301,717.88 | 8.5116% | $2,140.08 | $9,086.04 |
| 7/1/2034 | $294,771.92 | 8.5116% | $2,090.82 | $9,086.04 |
| 8/1/2034 | $287,776.70 | 8.5116% | $2,041.20 | $9,086.04 |
| 9/1/2034 | $280,731.86 | 8.5116% | $1,991.23 | $9,086.04 |
| 10/1/2034 | $273,637.05 | 8.5116% | $1,940.91 | $9,086.04 |
| 11/1/2034 | $266,491.92 | 8.5116% | $1,890.23 | $9,086.04 |
| 12/1/2034 | $259,296.11 | 8.5116% | $1,839.19 | $9,086.04 |
| 1/1/2035 | $252,049.26 | 8.5116% | $1,787.79 | $9,086.04 |
| 2/1/2035 | $244,751.01 | 8.5116% | $1,736.02 | $9,086.04 |
| 3/1/2035 | $237,400.99 | 8.5116% | $1,683.89 | $9,086.04 |
| 4/1/2035 | $229,998.84 | 8.5116% | $1,631.38 | $9,086.04 |
| 5/1/2035 | $222,544.18 | 8.5116% | $1,578.51 | $9,086.04 |
| 6/1/2035 | $215,036.65 | 8.5116% | $1,525.25 | $9,086.04 |
| 7/1/2035 | $207,475.86 | 8.5116% | $1,471.63 | $9,086.04 |
| 8/1/2035 | $199,861.45 | 8.5116% | $1,417.62 | $9,086.04 |
| 9/1/2035 | $192,193.03 | 8.5116% | $1,363.23 | $9,086.04 |
| 10/1/2035 | $184,470.22 | 8.5116% | $1,308.45 | $9,086.04 |
| 10/31/2035 | $176,692.63 | 8.5116% | $1,253.28 | $9,086.04 |
| 12/1/2035 | $168,859.87 | 8.5116% | $1,197.72 | $9,086.04 |
| 1/1/2036 | $160,971.55 | 8.5116% | $1,141.77 | $9,086.04 |
| 2/1/2036 | $153,027.28 | 8.5116% | $1,085.42 | $9,086.04 |
| 3/1/2036 | $145,026.66 | 8.5116% | $1,028.67 | $9,086.04 |
| 4/1/2036 | $136,969.29 | 8.5116% | $971.52 | $9,086.04 |
| 5/1/2036 | $128,854.77 | 8.5116% | $913.97 | $9,086.04 |
| 6/1/2036 | $120,682.70 | 8.5116% | $856.00 | $9,086.04 |
| 7/1/2036 | $112,452.66 | 8.5116% | $797.63 | $9,086.04 |
| 8/1/2036 | $104,164.25 | 8.5116% | $738.84 | $9,086.04 |
| 9/1/2036 | $95,817.05 | 8.5116% | $679.63 | $9,086.04 |
| 10/1/2036 | $87,410.64 | 8.5116% | $620.00 | $9,086.04 |
| 11/1/2036 | $78,944.60 | 8.5116% | $559.95 | $9,086.04 |
| 12/1/2036 | $70,418.51 | 8.5116% | $499.48 | $9,086.04 |
| 1/1/2037 | $61,831.95 | 8.5116% | $438.57 | $9,086.04 |
| 2/1/2037 | $53,184.48 | 8.5116% | $377.24 | $9,086.04 |

Exhibit B-8

| | | | | |
|---|---|---|---|---|
| 3/1/2037 | $44,475.68 | 8.5116% | $315.47 | $9,086.04 |
| 4/1/2037 | $35,705.11 | 8.5116% | $253.26 | $9,086.04 |
| 5/1/2037 | $26,872.33 | 8.5116% | $190.61 | $9,086.04 |
| 6/1/2037 | $17,976.90 | 8.5116% | $127.51 | $9,086.04 |
| 7/1/2037 | $9,018.37 | 8.5116% | $63.97 | $9,080.47 |
| | $1.87 | | | $3,055,343.51 |

Exhibit B-9

LA 51070353